Hobert BARGO, Petitioner,

v.

Ray C. LEWIS, Judge of Knox Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 4, 1957.

Charles G. Cole, Jr., Earl L. Cole, Tuggle & Cole, Barbourville, for petitioner.

CULLEN, Commissioner.

On April 3, 1957, judgment by default, for failure to appear, was entered in favor of Hobert Bargo in an action against the Metropolitan Life Insurance Company. On April 19 motion was filed by counsel for the insurance company to set aside the default judgment, and on May 31 an order was entered setting aside the judgment on the ground of excusable neglect. Bargo has petitioned this Court for an order of prohibition against the circuit judge, prohibiting him from setting aside the judgment.

■ It is exceedingly doubtful whether prohibition is an available kind of remedy in this situation. While there is no right of direct appeal from the order setting aside the judgment, the order may be reviewed upon appeal from the final judgment that eventually may be entered in the case. Only a very short period of time elapsed between the entry of the default judgment and the filing of the motion to set it aside. Under these circumstances, Bargo hardly falls into the classification of a person who will suffer great and irreparable injury without adequate remedy by appeal.

Notwithstanding the doubt as to whether the kind of remedy sought is available, we have considered the merits of the petition. It appears that summons was served on the Commissioner of Insurance, as statutory process agent for the defendant insurance company, on February 27, 1957. The action was brought in the Knox Circuit Court, at Barbourville. On or about March 12, the insurance company retained a Lexington attorney to defend the case. On the same day, the Lexington attorney telephoned a Barbourville attorney and asked him to be associated in the case. The telephone conversation was followed by a confirming letter to the Barbourville attorney.

In the telephone conversation and in the confirming letter, the Lexington attorney asked the Barbourville attorney to secure an extension of time for answering the complaint. However the Barbourville attorney misunderstood the request and received the impression that he was merely to assist in the trial of the case and was being asked to secure a postponement of the time for trial after the pleadings had been taken care of by the Lexington attorney.

■ The situation, therefore, was one in which the Lexington attorney thought he had arranged with the Barbourville attorney to obtain an extension of time for answering and the latter thought he was to be concerned only with the trial of the case. In these circumstances, we cannot say that the circuit court judge abused his discretion in finding that the default was the result of inadvertence or excusable neglect. See CR 55.02, 60.02; Rosen v. Galizio, 184 Ky. 367, 212 S.W. 104. Default judgments are not favored, and it appears from the tendered answer that the defendant has meritorious defenses.

The order of prohibition is denied.