COMMONWEALTH of Kentucky DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Isaac Bethel UTLEY et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1961.

Rehearing Denied Dec. 1, 1961.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., C. E. Skidmore, Frankfort, for appellant.

Dorsey & Sullivan, Leonard T. Mitchell, M. S. Mahurin, Henderson, for appellees.

CLAY, Commissioner.

This is a condemnation suit brought on behalf of the Department of Highways against the owners of certain property and others interested therein, including lessees. The Commonwealth undertook to appeal from the county court judgment on the ground that the damages awarded were excessive. The circuit court dismissed the appeal on several grounds set forth in "Answers" filed by the defendants to the Commonwealth's "Statement of Appeal". (The practice in this case was rather unusual.)

Defendants' attack on the Commonwealth's appeal from the county court to the circuit court involves procedural matters. We will outline the proceedings and then dispose of the issues raised.

On July 27, 1959, the Henderson County Court entered a judgment finding the proper parties before the court, determining the Commonwealth was entitled to condemn, confirming the award of the Commissioners

in the amount of $34,200, and adjudging the Commonwealth could take possession of the land and materials involved upon payment of the award "to the defendants or to the clerk of this court". On July 31, the county court entered an "amended" judgment affecting only paragraph (4) of the earlier one, simply providing the manner in which the sum of $34,200 should be divided among the defendants as their interests appeared.

Within 30 days thereafter the Commonwealth, under KRS 177.087, took an appeal on the ground that "the award is excessive". The Statement of Appeal referred only to the judgment of July 27 and it was not signed by an attorney for the Commonwealth. Subsequently the Statement was signed, and in September the Commonwealth moved to amend its Statement of Appeal to include the amended judgment of July 31.

We will take up the grounds of attack upon this attempted appeal as set forth in defendants' brief because they admit that some of the grounds originally asserted are not valid. (We confirm this.)

■ It is first contended the Commonwealth's Statement of Appeal did not state a claim upon which relief could be granted. KRS 177.087(1) does not require the statement of a claim. This statute prescribes very simple appeal procedure and the method is mostly a matter of mechanics. The appeal is taken by filing a certified copy of the judgment, a statement of the parties to the appeal, and exceptions[1] to the award made by the Commissioners. Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813. All of these steps were properly taken by the Commonwealth.

■ Defendants take the position that because the Commonwealth did not "except" specifically to each item in the Commissioners' Report (which provided for the division of the total award of $34,200

between the owners and the lessees), no appeal was taken as to any defendant. We cannot grasp this argument. The total award of the Commissioners included all of its parts. The exception to the award on the ground it was excessive adequately identified the issue on appeal as to all of the defendants.

■ Defendants' next contention is that the Statement of Appeal was not signed by an attorney. The parties assume this is a "pleading" governed by the Rules of Civil Procedure, particularly CR 11. This paper may properly, for certain purposes, be characterized as a pleading. (It may be considered as such for the purpose of showing a jurisdictional amount, or, as specifically provided in KRS 177.087(1), for the purpose of amendment.)

While some of the objectives of CR 11 do not apply to such a procedural paper as this instrument of appeal it properly should be signed in accordance with that Rule. However, failure to sign a pleading is not ground for dismissal. Bareco Oil Company v. Alexander, D.C., 33 F.Supp. 32. The Rule itself provides the manner of attacking such a deficient pleading, which is to have it stricken as sham and false. This, of course, would require a motion. In any event, this paper was subsequently signed by an attorney for the Commonwealth, curing its deficiency. Defendants' contention on this point is wholly lacking in merit. (We note in passing that counsel for the defendant owners inadvertently failed to sign one of the briefs filed in this Court.)

■ The next ground of dismissal is that the Commonwealth should have appealed from the amended judgment of July 31 instead of the original judgment of July 27. The judgment of July 27 is the one that finally adjudicated the rights and obligations of the Commonwealth. The July 31 order was supplementary and simply

4. In Commonwealth v. Mayo, Ky., 324 S.W.2d 802, 803, we recognized that "grounds of appeal" are adequate in lieu of "exceptions".

provided for the manner of distribution of the award in the event the Commonwealth exercised its option to take possession by paying into court the full amount thereof. No issue on appeal in any way involved the supplementary order. As a matter of fact, the Commonwealth had no ground upon which to appeal from that order.

The July 27 judgment fixed the amount of the condemnation award. Since the only ground of appeal was that the award was excessive, the Commonwealth properly appealed from the only judgment which determined it. The amended judgment stands or falls upon the results of a trial in the circuit court on the issue of excessiveness.

In our opinion the Commonwealth is entitled to such a trial, and it was error to dismiss the appeal.

The judgment is reversed for consistent proceedings.

PALMORE, Judge, not sitting.