Robert BROZOWSKI; and Sharon Brozowski, Appellants,

v.

Carl M. JOHNSON, M.D.; James S. Gwinn, Jr., M.D.; Western Kentucky Heart & Chest Surgery Associates, PSC; and Western Baptist Hospital, An Unincorporated Division of Baptist Healthcare System, Inc., Appellees.

No. 2004–CA–000256–MR.

Court of Appeals of Kentucky.

Nov. 18, 2005.

**13.** "[Y]ou" is defined as "the insured named in the Declarations and spouse," *i.e.,* Wayne and Becky Lindle.

Jack W. Flynn, Frankfort, KY, for appellants.

E. Frederick Straub, Jr., James R. Coltharp, Jr., Paducah, KY, for appellees Carl Johnson, M.D. and Western Kentucky Heart & Chest Surgery Associates, PSC.

L. Miller Grumley, Paducah, KY, for Western Baptist Hospital, an Unincorporated Division of Baptist Healthcare System, Inc.

Richard L. Walter, Paducah, KY, for James S. Gwinn, Jr., M.D.

Before HENRY and VANMETER, Judges; MILLER, Senior Judge.[1]

## OPINION

VANMETER, Judge.

Robert and Sharon Brozowski appeal from the McCracken Circuit Court's order denying their motion to vacate the dismissal of their complaint and to reconsider their attorney's motion for admission pro hac vice. For the following reasons, we affirm.

John E. Bradley, an Illinois attorney, filed a complaint alleging medical malpractice on the Brozowskis' behalf in the McCracken Circuit Court on October 7, 2003. On the same day Louise Cook, an attorney licensed to practice law in Kentucky, filed a motion for Bradley's admission pro hac vice along with Bradley's affidavit stating that he was an Illinois attorney in good standing. Because no proposed order was tendered with the motion as required by the local rules, on October 15 appellee Western Baptist Hospital filed a motion to dismiss the Brozowskis' complaint pursuant to SCR 3.030(2) and CR 11. The court dismissed the Brozowskis' complaint with prejudice, citing SCR 3.030(2), after Bradley failed to at-

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

tend the November 7 hearing on the matter.

■ On November 17, the Brozowskis joined with Kentucky attorney J. Boone Reed and moved the circuit court pursuant to CR 60.01 and 60.02 to vacate its order of dismissal, asserting that Bradley missed the hearing due to a clerical error. The Brozowskis further moved the court to reconsider Cook's motion to admit Bradley pro hac vice, noting that Cook subsequently developed a conflict of interest. The circuit court denied the Brozowskis' motion on January 7, 2004, citing SCR 3.030(2), local rule 5G, and CR 11. Ultimately, the circuit court found that the Brozowskis' counsel did not present any evidence that would allow it to reconsider the dismissal under 60.02. This appeal from the circuit court's judgment denying the Brozowskis' Motion to Reconsider and Pro Hac Vice Admission followed.[2]

Pursuant to CR 73.02, a party must appeal an order within 30 days of its entry,[3] and a motion filed pursuant to CR 60.02 does not affect the running of the time for appeal.[4] Thus, the Brozowskis' February 5, 2004, notice of appeal was not timely filed from the circuit court's November 7, 2003, dismissal of their complaint. However, the denial of relief under

CR 60.02 itself is appealable,[5] and the Brozowskis' February 5 notice of appeal was timely filed from the January 7 denial of their motion for such relief.

■ The Brozowskis' claims for CR 60.02 relief fall under subsections (a) and (f), pertaining to "mistake, inadvertence, surprise or excusable neglect"[6] or "any other reason of an extraordinary nature justifying relief."[7] Kentucky's highest court has noted that

> [t]he purpose of CR 60.02 is to bring before a court errors which (1) had not been put into issue or passed on, and (2) were unknown and could not have been known to the moving party by the exercise of reasonable diligence and in time to have been otherwise presented to the court.[8]

Relief pursuant to CR 60.02 should only be granted in extraordinary situations,[9] and the "[n]egligence of an attorney is imputable to the client and is not a ground for relief under ... CR 60.02(a) or (f)."[10] Having reviewed all of the evidence, we do not believe that the circuit court abused its discretion[11] in denying the Brozowskis' CR 60.02 motion.

The Brozowskis nevertheless urge that their substantial compliance with SCR

2. The Brozowskis proffered CR 60.01 as a reason for the circuit court to vacate its dismissal below and briefly mentioned it on appeal. Motions under this rule are used "to correct clerical errors, and may not be made to correct errors of law or relitigate a case." *Prichard v. Bank Josephine,* 723 S.W.2d 883, 885 (Ky.App.1987). The Brozowskis cannot gain any relief pursuant to CR 60.01, and the remainder of this opinion focuses on CR 60.02.

3. CR 73.02(1)(a).

4. *See* CR 73.02(1)(e).

5. *Hackney v. Hackney,* 327 S.W.2d 570, 571–72 (Ky.1959).

6. CR 60.02(a).

7. CR 60.02(f).

8. *Young v. Edward Technology Group, Inc.,* 918 S.W.2d 229, 231 (Ky.App.1995).

9. *Fortney v. Mahan,* 302 S.W.2d 842, 843 (Ky.1957).

10. *Vanhook v. Stanford–Lincoln County Rescue Squad, Inc.,* 678 S.W.2d 797, 799 (Ky. App.1984).

11. *Bethlehem Minerals Co. v. Church and Mullins Corp.,* 887 S.W.2d 327, 329 (Ky. 1994).

3.030(2) compels a different conclusion. We disagree.

> SCR 3.030(2) provides as follows:
>
> A person admitted to practice in another state, but not in this state, shall be permitted to practice a case in this state only if that attorney subjects himself or herself to the jurisdiction and rules of the court governing professional conduct, pays a per case fee of $100.00 to the Kentucky Bar Association and engages a member of the association as co-counsel, whose presence shall be necessary at all trials and at other times when required by the court. No motion for permission to practice in any state court in this jurisdiction shall be granted without submission to the admitting court of a certification from the Kentucky Bar Association of receipt of this fee.

Moreover, the McCracken Circuit Court's local rule 5G provides as follows:

> Except for motions for summary judgment, no motion shall be filed without the tender of a proposed order in conformity therewith, excluding such orders that require findings of fact and conclusions of law. Such orders shall be by separate styled instruments and not on the same page as the motion in sufficient number for all parties.

Both of these rules use the mandatory directive "shall",[12] and there is no indication that the drafters intended anything less than absolute compliance.[13] Thus, the Brozowskis' substantial compliance is inadequate to fulfill the mandates of these rules.

Neither does *Ward v. Housman*[14] compel a different result. In *Ward*, the circuit court granted summary judgment for the defendants and dismissed the plaintiffs' complaint after the plaintiffs' "failure to timely supply the name of an expert witness."[15] This court reversed, finding that the circuit court improperly sanctioned plaintiffs' counsel under CR 56, that the court's action instead amounted to an involuntary dismissal pursuant to CR 41.02(1), that dismissal was too harsh a sanction under this rule, and that the circuit court should consider alternate sanctions under the rule on remand.[16]

Unlike the *Ward* case, the Brozowskis' complaint was dismissed below because Bradley signed the complaint despite the fact that he was never admitted pro hac vice because he and Cook failed to follow the local rule requiring the tender of a proposed order with every motion. CR 11 provides in pertinent part as follows:

> Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

The lack of a signature on a pleading is typically not a proper ground for dismissal.[17] Rather, CR 11 provides that the remedy for "attacking such a deficient pleading ... is to have it stricken as sham and false."[18] When the pleading that is

---

**12.** KRS 446.010(29).

**13.** *See* generally *Clark v. Riehl*, 313 Ky. 142, 144, 230 S.W.2d 626, 627 (1950).

**14.** 809 S.W.2d 717 (Ky.App.1991).

**15.** *Id.* at 718.

**16.** *Id.* at 719–20.

**17.** *Commonwealth Dept. of Highways v. Utley*, 350 S.W.2d 698, 699 (Ky.1961) (internal citation omitted).

**18.** *Id.*

not signed is the complaint, however, striking the pleading has the practical effect of ending the lawsuit, and dismissal is not improper. In any event, CR 60.02 relief "is not available for correction of an error or mistake of law by the court." [19]

The judgment of the McCracken Circuit Court is affirmed.

HENRY, Judge, concurs.

MILLER, Senior Judge, dissents.

**19.** *James v. Hillerich & Bradsby Co.,* 299 S.W.2d 92, 93 (Ky.1957).