Larry HONEYCUTT, Appellant,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, Appellee.

No. 2009–CA–000895–MR.

Court of Appeals of Kentucky.

March 18, 2011.

Mark T. Wade (argued), Pittsburgh, PA, for appellant.

Kathiejane Oehler (argued), Justin S. Gilfert, Louisville, KY, for appellee.

Before TAYLOR, Chief Judge; MOORE and THOMPSON, Judges.

## OPINION

MOORE, Judge:

Larry Honeycutt appeals an order of the Pulaski Circuit Court dismissing his complaint pursuant to Kentucky Civil Rule (CR) 77.02(2) for claims arising under the Federal Liabilities Act, 45 U.S.C. § 51, *et seq.;* the Locomotive Inspection Act, 49 U.S.C. § 20707, *et seq.;* and the Federal Rail Safety Act of 1970, 49 U.S.C. § 20101, *et seq.* The complaint alleged that while in Norfolk Southern Railway Company's employ, Honeycutt sustained injuries to his neck, shoulder, and back. The issue presented is whether counsel's failure to notify the circuit court that he had changed his mailing address and, as a result, his failure to receive the court's *sua sponte* notice to

show cause why the action should not be dismissed for lack of prosecution pursuant to CR 77.02(2), warranted that the order dismissing be set aside pursuant to CR 60.02. Concluding that the trial court did not abuse its discretion in dismissing Honeycutt's complaint, we affirm.

Honeycutt filed his complaint in Pulaski Circuit Court on April 2, 2007. The complaint was signed only by attorney Mark T. Wade, who is licensed to practice law in Kentucky and Pennsylvania. Attorney Wade listed his mailing address on the complaint as 521 Cedar Way, Suite 200, Oakmont Station, Building 5, Oakmont, Pennsylvania. No other attorneys or addresses were listed or noted on the complaint, and no other attorneys entered an appearance on behalf of Honeycutt. We note that at no time did Attorney Wade ever move the court to withdraw as counsel.

Within a month of the filing of the complaint, Norfolk Southern filed an answer and motion to dismiss on April 24, 2007. The only attorney listed as counsel for Honeycutt on Norfolk Southern's certificate of service was Wade, at his Oakmont address. Presumably, either Wade received the answer and motion to dismiss at his Oakmont address; or if he had moved his office within a month of filing the complaint on Honeycutt's behalf, his mail was forwarded by United States Postal Service to his new address.

The case was dormant after Norfolk Southern filed its answer and motion to dismiss, with over a year elapsing without any pretrial steps taken in the action. Then, on August 5, 2008, the trial court filed a notice to show cause why the action should not be dismissed for lack of prosecution. The notice was mailed to Wade at the address he listed on the complaint, which was the only address the court had for him. However, at some point Wade

had relocated to Pittsburgh, Pennsylvania. Apparently by this time the mail forwarding with the United States Postal Service had expired; consequently, the notice was returned to the circuit court clerk stamped: "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward."

When no one appeared on behalf of Honeycutt at the hearing, an order dismissing for lack of prosecution was rendered on September 26, 2008. The order was also mailed to Wade at his Oakmont office, which was also returned to the court clerk.

Nearly six months later, Wade filed a motion on behalf of Honeycutt to set aside the September 26, 2008, order citing as grounds that: (1) he did not receive actual notice of motion to dismiss and resultant order and, therefore, the order was void; (2) the order was the result of mistake, inadvertence and/or excusable neglect and should have been set aside pursuant to CR 60.02(a); and (3) that CR 60.02(f) justified relief based on the extraordinary circumstances of the case.

At the hearing on the motion to set aside the order, Wade explained that prior to filing the complaint, an Alabama attorney represented Honeycutt and had engaged Norfolk Southern in settlement negotiations. Subsequently, the Alabama attorney requested that Wade negotiate on behalf of Honeycutt. Wade did so and sent a settlement package to Norfolk Southern's claims agent. The attempt at settlement failed, and accordingly Wade filed the complaint on behalf of Honeycutt.

According to Wade after the complaint was filed, Norfolk Southern's claims agent ceased settlement negotiations and insisted that Norfolk Southern deal exclusively with the Alabama attorney. Wade maintained that he and the Alabama attorney

then had a miscommunication, each believing that the other was representing Honeycutt. However, the Alabama attorney did not sign the complaint nor enter an appearance on Honeycutt's behalf at any point in this litigation; Wade did. Additionally, Wade took no action to correct any confusion regarding who was handling Honeycutt's case despite the fact that Norfolk Southern's answer and motion to dismiss, filed within a month of the complaint, listed him alone as counsel for Honeycutt. And, Wade took no steps to withdraw as counsel.

In ruling on Honeycutt's motion, the circuit court found that the ten-day limitation contained in CR 59.05 precluded relief under that rule. Consequently, if relief was available, it must be pursuant to CR 60.02, specifically subsection (a) or (f). The court rejected relief based on CR 60.02(a) and the contention that the order was entered as result of mistake, surprise, or excusable neglect and, therefore, focused on the remaining subsection, CR 60.02(f). Finding that there was no "extraordinary reason" to justify relief, it denied relief. Finally, relying on an unpublished opinion by this Court, *Coleman v. El–Mallakh,* 2008 WL 899805 (Ky.App. April 4, 2008),[1] the circuit court found that actual notice was not required under CR 77.02(2) and that the order was not otherwise void. Based on our review, the trial court did not abuse its discretion in its ruling.

■ Honeycutt's initial contention is that the order of dismissal is void because he did not actually receive the notice to show cause as required by CR 77.02(2), which provides:

At least once each year trial courts shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing without prejudice each case in which no answer or an insufficient answer to the notice is made.

This is a housekeeping rule, within the wide discretion of the trial court, intended to expedite the removal of stale cases from the court's docket. *Hertz Commercial Leasing Corporation v. Joseph,* 641 S.W.2d 753 (Ky.App.1982).

As noted *supra,* the trial court relied on an unpublished opinion, *Coleman v. El–Mallakh,* 2008 WL 899805, which we find to be persuasive authority in this case and proper to cite as it fulfills the criteria of CR 76.28(4). In *Coleman* at *3, this Court held that

where a statute requires actual notice to be received by a party, it is then incumbent upon the party whose duty it is to give that notice to see that the notice is actually received by the party entitled to notice. We do not believe that the language in CR 77.02(2) can be construed to require that actual notice be received by each attorney of record before the court may proceed with dismissing a case for want of prosecution.

Clearly, the method contemplated for service of the notice is the same as that required for the service of the order dismissing a case under the rule, that being service shall be made by mail in the manner provided in CR 5. CR 77.04(1). Specifically, CR 5.02 provides for service upon the attorney of record

---

1. The circuit court properly cited to and relied upon *Coleman,* an unpublished case, pursuant to CR 76.28(4).

by mailing a copy of the notice to the attorney at his last known address and that service by mail is complete upon mailing.

(Citations omitted).

■ In *Coleman*, we pointed out that because hundreds of cases are disposed under this rule each year, it is simply not feasible to place the onerous burden on our circuit clerks to personally ensure that every attorney of record receive actual notice that the case may be dismissed for lack of prosecution absent a showing of good cause. We agree with the language in *Coleman* stating that "we know of no authority in Kentucky that would impose a duty upon circuit clerks to track down attorneys who have moved their offices without giving notice to the court in order for the court to satisfy the notice provision of CR 77.02(2)." *Id.* at *4.

We further agree with the trial court that the circumstances of this case do not fulfill CR 60.02(a)'s requirement of mistake, inadvertence, surprise or neglect. If there was inadvertence, it was not at the hands of the court. And, Honeycutt's rationale for setting aside the judgment does not fall into the category of an "extraordinary reason" to justify relief under CR 60.02(f). "[T]he conduct of an attorney is generally not a ground for relief under CR 60.02(f)." *Id.* at *5 (citing *Vanhook v. Stanford–Lincoln Co. Rescue Squad, Inc.*, 678 S.W.2d 797 (Ky.App.1984); *Brozowski v. Johnson*, 179 S.W.3d 261 (Ky.App. 2005)). As in *Coleman*, the result is harsh for the appellant. But, as this Court stated in *Coleman* at *5, "we can find no authority that holds a harsh result constitutes an extraordinary reason to justify relief under CR 60.02." Accordingly, we affirm.

TAYLOR, Chief Judge, Concurs.

THOMPSON, Judge, Dissents and Files Separate Opinion.

THOMPSON, Judge, Dissenting:

Respectfully, I dissent. I believe that the majority's strict enforcement of a technical rule usurps the public policy that the court is to decide cases on their merits with a fair opportunity for the litigants to be heard.

I disagree that the unpublished case, *Coleman v. El–Mallakh*, 2008 WL 899805 (Ky.App.2008), is persuasive. To the extent that the case stands for the proposition that our court clerks cannot personally ensure that every attorney of record receives actual notice of a CR 77.02(2) dismissal hearing, I agree. However, in *Coleman*, the motion was presented pursuant to CR 60.02(f) and filed more than one year after the judgment. The Court emphasized the case may have been resolved differently "under CR 60.02(a) had the matter been brought to the circuit court's attention within one year of entry of the order of dismissal." *Id.* at *5.

In contrast, Honeycutt filed his CR 60.02 motion within one year after the order of dismissal without prejudice was entered and, therefore, was timely under CR 60.02(a). Although the Court set aside a default judgment rather than a CR 77.02 order, I believe *Bargo v. Lewis*, 305 S.W.2d 757 (Ky.1957), is controlling. In *Bargo*, a Lexington attorney requested a Barbourville attorney to secure an extension of time to answer a complaint. After the Barbourville attorney mistakenly failed to file an answer, a default judgment was entered. The Court held that the default judgment was properly set aside under CR. 60.02(a) on the basis of inadvertence or excusable neglect. *Id.* at 758. Under the circumstances now presented, I believe justice requires the same result.

I also believe that this case presents an opportunity to establish a reasonable and

just standard when CR 77.02(2) is invoked. Although CR 77.02(2) is a dismissal without prejudice that theoretically permits the complaint to be refiled, minimally, a year has elapsed since the first complaint was filed and most probably the statute of limitations has expired. Therefore, a dismissal without prejudice has the identical consequences as a dismissal with prejudice pursuant to CR 41.02.

Our Supreme Court has reexamined the applicable standard when determining whether to dismiss for lack of prosecution pursuant to CR 41.02. In *Jaroszewski v. Flege*, 297 S.W.3d 24 (Ky.2009), the Court held that the trial court is required to consider all relevant factors which may include those listed in *Ward v. Housman*, 809 S.W.2d 717 (Ky.App.1991). *Id.* at 34.

Trial courts must make explicit findings on the record so that the parties and appellate courts will be properly apprised of the basis for the trial court's rulings; and the appellate courts can assess whether the trial court properly considered the totality of the circumstances in dismissing the case.

*Id.* at 36.

I am aware that in *Jaroszewski*, the Court noted a distinction between CR 41.02 dismissals and CR 77.02(2) dismissals; specifically, that the latter is a dismissal without prejudice. I reiterate that while a legally correct distinction, as a practical matter, CR 77.02(2) dismissals result in the deprivation of the litigant's right to be heard on the merits and because of the applicable statute of limitations, the right to file a second complaint is frequently illusory.

I am perplexed that a CR 41.02 dismissal is subject to a totality of the circumstances standard but that a CR 77.02(2) dismissal is not subject to the same standard. Indeed, a complex case such as the current often sits idle for a year as a result of negotiations and preliminary investigations; yet, the case can be dismissed to serve the purpose of managing the court's docket. Although the courts certainly have such power inherently and by virtue of CR 77.02(2), this power must be secondary to the primary purpose of our judicial system to provide meaningful dispute resolution on the merits. Therefore, I urge our Supreme Court to espouse standards applicable to CR 77.02(2) dismissals similar to those applied to CR 41.02 dismissals.

In this case, the circuit court abused its discretion when it refused to set aside the CR 77.02(2) motion. Although the attorney failed to notify the court that he changed his address, after learning of the dismissal, he promptly filed a CR 60.02 motion. There was absolutely no evidence that Norfolk Southern was prejudiced by the inactivity in the case, no evidence as to the reason for the inactivity, the merits of the claim, or any other circumstances that would justify the dismissal of this complex litigation. The passage of time alone should not be the sole factor when deciding to terminate a litigant's right to seek redress in the courts. Rather than imposing such a harsh result on the litigant, it would be more appropriate to sanction the attorney.

For the reasons expressed, I would reverse the circuit court's order and remand the case for further proceedings so that this litigant can receive the justice to which he is entitled.