RENDERED: OCTOBER 25, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0798-DG

GARY CLICK                                                      APPELLANT

ON REVIEW FROM KNOTT CIRCUIT COURT
v.          HONORABLE KIM C. CHILDERS, JUDGE
ACTION NO. 23-XX-00002

TIFFANI FRANCIS AND ARNOLD                         APPELLEES
SLONE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: This appeal concerns a small claims action originating in Knott

District Court. The district court denied Gary Click's motion to vacate or set aside

a default judgment requiring him to pay $2,500.00 to Tiffani Francis and Arnold

Slone and $120.00 in costs. Click appealed to the Knott Circuit Court, which

affirmed the district court. We granted Click's motion for discretionary review and

vacate and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Francis and Slone filed a small claims complaint against Click on July 18, 2022. Francis and Slone had entered into a rental agreement with Click as the landlord. In their complaint, they alleged that Click had never issued a legal eviction notice and had entered their home without notice or permission.

A small claims summons was personally served on Click by a Knott County Sheriff deputy on July 25, 2022. The summons stated that the district court would hold a hearing on August 25, 2022. Unfortunately, on July 29, 2022, much of Knott County was flooded, damaging the Knott County courthouse, and closing it to the public for some time.

The record reflects that the court rescheduled the hearing twice. The clerk generated and filed a court notice on August 31, 2022, rescheduling the hearing to December 8, 2022. Although the clerk mailed a notice to Click, it was returned to the clerk at the beginning of September 2022, with a sticker stating:

> RETURN TO SENDER
> INSUFFICIENT ADDRESS
> UNABLE TO FORWARD

Thereafter, the clerk generated and filed another court notice on November 15, 2022, rescheduling the hearing to January 26, 2023. Again, although the clerk mailed a court notice of the date change to Click, it was returned to the clerk at the

-2-

end of November 2022, stating that the address was insufficient, and the post office was unable to forward the notice.

The district court held a hearing on January 26, 2023, at which Francis and Slone were present. Click was absent, presumably because he had not received the notice of the rescheduled hearing. Based on his failure to appear or answer, the district court granted a default judgment against Click and awarded Francis and Slone $2,500.00 and $120.00 in costs.

Click filed a small claims counterclaim on January 30, 2023, stating, "I want to Appeal because I was not notified on the court date and the statements are false." Click also filed a motion to set aside the default judgment and re-docket the case on January 30, 2023. The district court denied the motion on March 30, 2023, stating that the time for appeal had passed and that Click should have filed the appeal in circuit court.

On April 10, 2023, Click filed an appeal in Knott Circuit Court. On appeal, the circuit court affirmed the district court, holding that Click had failed to file a timely notice of appeal with the circuit court. This Court granted Click's motion for discretionary review on December 27, 2023.

## ANALYSIS

Initially, we note that Francis and Slone did not file a responsive brief. Under Kentucky Rules of Appellate Procedure ("RAP") 31(H)(3):

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

Pursuant to that rule, we accept Click's statement of the facts and issues as correct.

We now turn to Click's contention that he never received notice of the rescheduled hearing, which ultimately led to the district court granting a default judgment against him. Although not specifically cited by Click, his general argument is that service was insufficient under Kentucky Rule of Civil Procedure ("CR") 5.02(1) because the court knew he had not received the copies of the notice mailed because they were all returned with the statement "Insufficient Address."

Under the Kentucky Rules of Civil Procedure, "[e]very order required by its terms to be served, . . . and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each party[.]" CR 5.01. CR 5.02 discusses the various methods to effect such service and was amended to its current form by order of the Kentucky Supreme Court in 2013.

In relevant part, the rule now states:

> [e]xcept as provided in paragraph (2) of this rule, service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the last known address of such

person; or, if no address is known, by leaving it with the clerk of the court. *Service is complete upon mailing unless the serving party learns or has reason to know that it did not reach the person to be served*.

CR 5.02(1) (emphasis added).

A panel of this Court recently discussed the changes to the rule, stating, "[b]efore 2014, service was complete under CR 5.02 upon mailing a copy of the document to the party or counsel at his or her last known address." *W.R.G. v. K.C.*, 673 S.W.3d 81, 85 (Ky. App. 2023) (citing *Honeycutt v. Norfolk Southern Ry. Co.*, 336 S.W.3d 133, 135-36 (Ky. App. 2011)). Moreover, "[i]t was irrelevant whether the party actually received the copy so long as it was mailed." *Id*. (citing *Benson v. Benson*, 291 S.W.2d 27, 29 (Ky. 1956)).

However, in *W.R.G.*, a panel of this Court held that because "[t]he 2013 amendment supersedes the prior version of CR 5.02 and all related case law[,]" it needed to address the "learns or has reason to know" language in CR 5.02(1). *Id*. In *W.R.G.*, a copy of an order with a final hearing date was mailed to a litigant's last known address but was returned to the clerk marked as "not deliverable as addressed" and "unable to forward." *Id*. at 83. The litigant did not appear at the final hearing and appealed his lack of notice. *Id*.

The Court determined that "[a]t a minimum, the returned trial order marked 'not deliverable' is irrefutable evidence of the court's knowledge that [the party] had not received notice." *Id*. at 86. Thus, "[c]ontinuing to serve a party at

an address only to have the mail repeatedly returned as undeliverable is entirely insufficient under CR 5.02(1)." *Id.*

## **CONCLUSION**

Based on the foregoing, we vacate the judgment of the Knott Circuit Court and remand for a new hearing on the small claims complaint.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEES.

Gary Click, *pro se*
Hindman, Kentucky