RENDERED:  SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0659-MR

DAVID K. SETTLE                                                    APPELLANT

v.

APPEAL FROM CLARK CIRCUIT COURT
HONORABLE COLE ADAMS MAIER, JUDGE
ACTION NO. 19-CI-00447

G&J PEPSI-COLA BOTTLERS, INC.                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, KAREM, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  On December 13, 2023, the Clark County Circuit Court

dismissed Appellant David Settle's civil complaint for lack of prosecution pursuant

to CR[1] 77.02(2). Asserting that he had received no notice of this planned action,

Settle filed a CR 60.02 Motion with the Circuit Court to reconsider its dismissal.

---

[1] Kentucky Rules of Civil Procedure.

Satisfied that notice had been provided, in accordance with Kentucky law, the Circuit Court denied the CR 60.02 Motion and Settle appealed. Because the Circuit Court did not abuse its discretion in denying Settle's CR 60.02 Motion, we Affirm.

## I.     Background

Appellant Settle is a former employee of Appellee G&J Pepsi Cola Bottlers, Inc. ("G&J"). Settle's employment was terminated by G&J after an apparent motor vehicle accident occurred while he was driving a company vehicle. Following the termination of his employment, Settle filed suit against G&J in the Clark County Circuit Court on August 21, 2019, for alleged violations of the Kentucky Workers' Compensation Act, age discrimination, and wrongful termination.

After Settle filed his Complaint, G&J timely filed an Answer. Discovery requests were served on G&J by Settle on September 24, 2019, but there is no record in the pleadings about whether G&J produced any response. From the Circuit Court record, it appears not much happened for more than four years, until the Clark County Circuit Court, *sua sponte*, issued a Notice to Dismiss on October 22, 2023, for Lack of Prosecution pursuant to CR 77.02(2).

On December 13, 2023, the case was called during Motion Hour at the Circuit Court, and no parties appeared, so the Court dismissed the case without

prejudice. Notably, at this point, Settle's counsel could have simply re-filed the case, as the statute of limitations for an employment discrimination complaint of this type would not have run until December 31, 2023.[2] Instead, more than two months later, on February 27, 2024, Settle filed a CR 60.02 Motion to Reconsider.

The Circuit Court set a hearing date of April 18, 2024, which was then attended by Albert F. Grasch Jr., one of Settle's former attorneys, as well as Sam G. Hayward Jr., who represented Settle for the purpose of reinstating his case. In an affidavit submitted with his CR 60.02 Motion, Settle stated that he had not exchanged any communications with his attorneys on this matter for more than three years after the Complaint was filed. Indeed, Settle claimed he first became aware events had gone awry with his discrimination case when the notice of the Circuit Court's dismissal arrived via Certified Mail. For its part, G&J filed a Response opposing Settle's CR 60.02 Motion.

At the April 18, 2024, hearing regarding the motion, the video record shows the Court had concerns regarding the fulfillment of its notice requirements under CR 77.02(2). Specifically, the Circuit Judge commented that her review of

---

[2] Although the statute of limitations was subsequently shortened by the General Assembly in 2024, the limitation in effect at the time of this proceeding for a complaint under Kentucky Revised Statute 413.120(2) was five years. *See Croghan v. Norton Healthcare, Inc.*, 613 S.W.3d 37, 40 (Ky. App. 2020).

the file gave her some cause for worry about whether notices were sufficiently distributed.

The Circuit Judge then specifically asked G&J's counsel whether he had any documents in his case file demonstrating that notice of the CR 77.02(2) hearing had been provided. G&J's counsel responded that he would have to look at the file. The Court further commented that it had a responsibility to enter orders that are compliant with the rules, and that appropriate notice is amongst the items to confirm when entering judgments.

The Circuit Judge explained to the parties that if G&J's counsel could tender a document – providing notice of the December 13, 2023, Lack of Prosecution hearing – from the firm's case file, then the Court would be persuaded that adequate notice had been provided to all parties. And, in such an instance, the Court averred that it would be required to deny the CR 60.02 motion, in accordance with *Honeycutt v. Norfolk S. Ry. Co.*, 336 S.W.3d 133 (Ky. App. 2011), despite the harsh result to Settle. However, the Circuit Judge also stated that if no documentary evidence could be produced, then the Court would consider that the Notice was never adequately distributed and return the case to the docket by granting the CR 60.02 Motion.

After a brief recess at the April 18, 2024, hearing, the video record indicates counsel for G&J showed the Circuit Judge a document on his phone,

without showing opposing counsel. Although unclear from the video what actually appeared on counsel's phone, the Circuit Judge said it looked identical to the original Notice in the Court's file and referenced her earlier pronouncement that any proof of the Notice having been received by even one of the parties was dispositive. Notably, Settle's counsel at this point made no demand to review the document displayed on opposing counsel's phone and raised no objection to the Court regarding its consideration of such a document. Thus, the Judge found that notice requirements had been adequately met regarding the CR 77.02(2) hearing and she denied Settle's CR 60.02 Motion. Furthermore, following the April 18, 2024, hearing, Settle's counsel did not file a Motion under CR 59.05 to Alter, Amend, or Vacate the Judgment.

Ultimately, this appeal followed the Circuit Court's denial of the CR 60.02 Motion.

## II.     Standard of Review

The standard of review for a trial court's decision to deny a CR 60.02 motion is "abuse of discretion." *Honeycutt*, 336 S.W.3d at 135. "The test for abuse of discretion is whether the trial judge's decision [is] arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

### III.    Analysis

The sole issue on appeal is limited to Settle's challenge of the Circuit Court's denial of his motion for relief pursuant to CR 60.02(f).[3]  The crux of Settle's argument on appeal is that the Circuit Court acted arbitrarily when it relied on insufficient evidence to determine that the CR 77.02(2) Notice requirements had been satisfied.

Under CR 60.02, a Court may relieve a party from a final judgment or order upon several grounds.  The relevant provision here is CR 60.02(f), which provides grounds for relief for "any other reason of an extraordinary nature."

The case closest on point for the factual scenario described above is *Honeycutt*, 336 S.W.3d 133.  In *Honeycutt*, which involved a similar CR 77.02 scenario including notice issues and ultimately dismissal, our Court held that the "extraordinary nature" language in CR 60.02(f) did not encompass negligence or misconduct by an attorney.  *Id*. at 136.  Further, the *Honeycutt* decision explained

---

[3] In an Order entered December 19, 2024, this Court denied Appellee G&J's Combined Motion to Reconsider, Second Motion to Dismiss the appeal, and Motion for Leave to file a Reply to Appellant's Response to G&J's Second Motion to Dismiss.  On the last page of that Order, this Court specified that the issues on appeal shall be limited to Appellant Settle's challenge of the Circuit Court's denial of his motion for relief pursuant to CR 60.02.  Given the specificity in the earlier pages of the Order dated December 19, 2024, this Opinion exclusively rules on the Appellant's arguments raised under CR 60.02(f) and none of the arguments related to mistake under CR 60.02(a).

that it was not feasible to place the burden on circuit clerks to personally ensure that every attorney of record receives actual notice that a case may be dismissed for lack of prosecution absent a showing of good cause. *Honeycutt*, 336 S.W.3d at 136. Instead, *Honeycutt*'s holding finds the notice provisions in CR 5.02, namely that, "service is complete upon mailing . . ." sufficient for determining service of a CR 77.02(2) Notice. *Id*. at 135-136.

We agree that *Honeycutt*'s holding applies. Accordingly, a factual finding that the clerk did, in fact, mail the CR 77.02(2) Notices removes the one scenario of an "extraordinary nature" that may have justified relief here under CR 60.02(f). Any subsequent downstream mail issues involving receipt of those CR 77.02(2) Notices – due to outdated addresses, lack of proper forwarding orders, or sloppy law firm mail policies – fall in the attorney negligence realm and would not be of the "extraordinary nature" contemplated by CR 60.02(f).[4]

Thus, this case turns on whether the Circuit Court abused its discretion in finding that the 77.02(2) Notices had been mailed. Taking notice of the fact that neither side had appeared for the CR 77.02(2) proceeding on December 13, 2023, the Circuit Judge clearly contemplated how best to approach the issue once confronted with the CR 60.02 motion. A document existed in the

---

[4] Furthermore, it is settled law in Kentucky that the negligence of an attorney is imputable to the client and is not grounds for relief under CR 60.02(f). *Vanhook v. Stanford-Lincoln Cnty. Rescue Squad, Inc.*, 678 S.W.2d 797, 799 (Ky. App. 1984).

Court record indicating the Clark Circuit Clerk had certified that the Notices were mailed on October 22, 2023. But perhaps wary about whether the Notices were *actually* mailed as indicated, the Circuit Judge extended her fact-finding to ascertain if *any* party had received a Notice through the mail. This led to the discussion at the hearing about mail receipt issues and ultimately to G&J's counsel showing a document from his phone to the Court. This document was represented as originating from defense counsel's case file – and the Circuit Judge took it as confirmation that at least one Notice had indeed been received through the mail. At this point, the Circuit Court's actions simply describe a diligent fact-finder in a challenging circumstance trying to discover what actually happened.

Settle, however, argues that the Circuit Court erred in considering evidence from G&J's counsel in the form of a document shown exclusively from that counsel's cell phone. In Settle's view, the phone version of the CR 77.02(2) Notice was inconclusive proof for deciding the outcome of the CR 60.02 Motion – especially when all parties were not given the chance to examine and verify the document. While these points arguably have some merit, Settle first raised them as part of this appeal. No contemporaneous objection was made when the phone was examined by the Circuit Court on April 18, 2024. No motion by Settle was made pursuant to CR 59.05 to Alter, Amend, or Vacate the Judgment within ten (10)

days of that hearing.[5]  By raising these issues for the first time now, Settle has not properly preserved them and "it is well settled that a party may not raise an issue for the first time on appeal." *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 835 (Ky. 2012).  This appellate review principle applies because "a court or quasi-judicial body may not be found to be in error where it has not been given an opportunity to (1) rule on the issue or (2) correct any alleged error." *Pers. Bd. v. Heck*, 725 S.W.2d 13, 18 (Ky. App. 1986).  Accordingly, while we might not advise a trial court to act exactly as the one did here in examining evidence displayed on a phone, we cannot reach the merits and say it was an abuse of discretion.

## IV.   Conclusion

Given the somewhat difficult circumstances it faced, the Clark County Circuit Court pursued an even-handed fact-finding strategy when faced with the CR 60.02 Motion. The result of which found that the reason for the CR 77.02(2) dismissal was not of "an extraordinary nature" necessitating relief under CR 60.02. Based on the record before us and not weighing any unpreserved issues, we cannot say the Circuit Court abused its discretion in so ruling.  We Affirm.

---

[5] Having not raised the issues with the Circuit Court he now cites for error, Settle could not fulfill the requirements of Kentucky Rule of Appellate Procedure 32(A)(4) to reference in his brief the place in the record where the issue was properly preserved.

ALL CONCUR.


BRIEFS FOR APPELLANT:

James O'Toole
Lexington, Kentucky

BRIEF FOR APPELLEE:

Trevor M. Nichols
Conor H. Meeks
Cincinnati, Ohio