## Childers v. Potter.

Oct. 6, 1942.

J. M. Bolling for appellant.

E. J. Picklesimer for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Bertha Childers and her husband, A. W. Childers, now deceased, brought this action under Subsection 7, Section 518 of the Civil Code of Practice, to have set aside a judgment in favor of the appellee, N. J. Potter, wherein they, along with other defendants, were held liable as sureties on a $2,500 note. The allegations as to Mrs. Childers' casualty and misfortune were that she was ill during the pendency of the original action, that being a very sick woman she was unable to travel 35 miles over a rough road to the county seat to advise with her counsel as to her defense in the original action, and that being a married woman at the time she signed the note she had a valid defense under KRS 404.010 (KS 2127). This Section prohibits the estate of a married woman from being subjected for any liability as surety unless her estate is set apart for that purpose by mortgage or other conveyance. Judgment went against Mrs. Childers; hence this appeal.

There were several parties defendant, including at least three married women, in the appellee's action on the note. Mrs. Childers and her husband were represented by W. K. Steele in that action, while J. M. Bolling, present attorney for Mrs. Childers, represented D. L. and Drusilla Greer. In the Greers' answer it was pleaded that Mrs. Greer was a married woman at the time she signed the note, which fact was known to N. J. Potter. No judgment was taken against Mrs. Greer. Some three or four months later Mr. Steele answered for the Childerses but he made no plea for Mrs. Childers similar to that made for Mrs. Greer.

While it is set forth in the petition in the action before us that the entire record in the original proceeding was made a part thereof, only a copy of the judgment in that action appears in this record. There is no question, however, that Mr. Steele represented both Mr. and Mrs. Childers, as well as Mr. and Mrs. John Moore, who were also sureties on the note. While Mrs. Childers

did not personally consult with her attorney, her husband did so, and Steele testified that it was decided that he file a cross petition against the makers of the note which he did. He said also that, after discussing the question of defense with Mr. Childers and Mr. Moore, they concluded that "there wasn't any defense on a plain note," and further "that it was represented to me that one of the parties was solvent, and I advised the sureties to cross petition against the makers of the note." This course was followed. It can be seen, therefore, that we are confronted with a situation where Mrs. Childers was not only represented by counsel, but that her husband, who was acting for her as well as himself, advised with Mr. Steele as to the nature of the defense to be made on the note. As said in Eversole v. First National Bank of Hazard, 136 Ky. 362, 124 S. W. 360, a defendant may not split his defense, thereby relying upon one until judgment is rendered upon it against him and then at a later term open the judgment and plead another defense and also that the final judgment of a court of competent jurisdiction is not only conclusive of all issues actually decided therein, but of all that might and should have been decided therein.

But, even if it be contended that a valid defense which Mrs. Childers might have made was not made through neglect of her counsel, this would not be an unavoidable casualty or misfortune which would warrant the granting of a new trial. Cooper v. Douglas, 256 Ky. 787, 77 S. W. (2d) 49, and cases cited therein. This Court has frequently pointed out that the negligence of an attorney is imputable to his client and that due diligence is demanded by the law of both the counsel and the client in the prosecution or defense of an action, and also that the negligence of counsel, unaccompanied by disarming or misleading facts, will not constitute unavoidable casualty or misfortune within the meaning of Section 518 of the Civil Code of Practice. McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747; Douthitt v. Guardian Life Insurance Company of America, 235 Ky. 328, 31 S. W. (2d) 377.

It follows, therefore, that the trial court correctly denied the relief sought by Mrs. Childers.

Judgment affirmed.