Bryce M. ALEXANDER, et al., Movants,

v.

Wilson SWEARER, et al., Respondents.

Supreme Court of Kentucky.

Nov. 2, 1982.

Rehearing and/or Modification Denied
Jan. 18, 1983.

Frank N. King, Jr., Dorsey, Sullivan, King & Gray, Henderson, for movants.

E. Lambert Farmer, Jr., Henderson, for respondents.

STEPHENS, Chief Justice.

The primary issue we address is whether the trial court erred in permitting a police officer to give his opinion as to the point of impact between two vehicles in an action which arose as the result of a collision. We hold that the trial court erred and we reverse.

The accident occurred on March 17, 1978 in Henderson in or near the intersection of US Highway 41, which runs north and south, and Drury Lane, which runs east and west. Movant Bryce Alexander's semi-tractor struck the rear of respondent Wilson Swearer's pick-up truck. Both vehicles had been traveling south on US 41. The jury found in favor of Swearer and returned a verdict in the amount of $50,061.15. The Court of Appeals affirmed. Because of an apparent prejudicial error, we granted discretionary review.

Swearer's evidence shows that the point of impact occurred either at or just north of the intersection. This evidence supports Swearer's contention that he was slowing down to make a right turn onto Drury Lane when the collision took place. Conversely, Alexander's proof shows that the point of impact took place south of the intersection. Alexander's evidence as to the point of impact tends to corroborate his testimony that Swearer was stopped or backing up, allegedly having missed the turn onto Drury Lane. Thus, the point of impact is important in the jury's decision.

On appeal, movant argues: 1) that it was error to allow a police officer to give his opinion to the jury as to the actual point of impact of the two vehicles, and 2) that it was error to require the truck owner's investigator to produce, from his files, a letter which set forth opinions, impressions and conclusions concerning the accident.

## I. DID THE TRIAL COURT ERR IN PERMITTING THE POLICE OFFICER TO TESTIFY AS TO HIS OPINION AS TO THE POINT OF IMPACT?

 In order for a police officer to testify as to his opinion about the location of the point of impact of vehicles involved in a collision, certain requirements must be met. He must be qualified as an expert in accident investigation. *Mulberry v. Howard*, Ky., 457 S.W.2d 827 (1970). His qualifications, schooling, training and experience in accident investigation are essential. *Eldredge v. Pike*, Ky., 396 S.W.2d 314 (1965). His testimony must be supported by physical evidence observed by him and these facts must be disclosed to the jury. *Wells v. Conley*, Ky., 384 S.W.2d 496 (1964). Moreover, his expert opinion may not be based on any assumption. *Ibid.* Because of the obvious impact on a jury, of the testimony of an unbiased, objective policeman, the requirements described must all be met. Essential fairness in a trial requires that the trial court carefully scrutinize the qualifications and the testimony of the officer before permitting his opinion testimony to be submitted to a jury.

 Our analysis of this testimony clearly mandates the conclusion that the physical evidence did not support his testimony which was pivotal in this case. The policeman, David Hosick, testified that the point of impact was in two different places. At trial, he opined that it was "at the intersection," while at a pre-trial deposition he stated that the accident occurred "a little north of the intersection itself."

The "physical evidence" relied on by Officer Hosick as a basis for his opinion includes: (1) statements made by both drivers and an eyewitness; (2) photographs taken by him of both vehicles at their final resting places; and (3) measurements taken by him from fixed points (telephone poles) to the final resting points of the vehicles. He testified that there were neither skid marks nor debris north of the intersection. His written accident report did not contain any notation about debris at any location and at no time did he testify as to the existence of any gouge marks.

Officer Hosick testified that the statements of the drivers and the witness played a large part in arriving at his opinion. Perhaps the most apparent weakness in his testimony was what he said about debris. Although he found no debris *north* of the intersection, he did find it *south* thereof. When questioned about this, he assumed that this debris had scattered or moved away from the point of impact by the motion of both vehicles. This explanation of the location of the debris is based purely on an assumption and is improper under the mandate of *Wells v. Conley, supra,* as the basis for opinion evidence.

The three items of "physical evidence," moreover, are not physical evidence. The officer failed to explain, for example, as to how or why the final resting place of the vehicles indicates that the point of impact was north of the intersection. Certainly, this observation is neither self-explanatory nor conclusory in nature and suggests that an opinion drawn from this observation must be based on either undisclosed facts or assumptions, both of which are invalid. Officer Hosick conceded that the measurements taken from the telephone poles to the fixed points (the final resting place of the two vehicles) would *not have been taken* if he had actually been able to detect a point of impact.

The admission of Officer Hosick's point of impact testimony was clearly prejudicial to the movant. We hold that the lack of physical evidence coupled with the obvious impact of a police officer's testimony on a jury resulted in an improper admission of the testimony.

## II. DID THE TRIAL COURT ERR IN REQUIRING AN INVESTIGATOR TO PRODUCE HIS FILES WHICH SHOWED OPINIONS, IMPRESSIONS AND CONCLUSIONS?

During pre-trial discovery the trial court required movants to produce a copy of a letter from their investigator to his supervisor. The letter is in the nature of an accident report and is replete with conclusions, impressions, and opinions. Such remarks as "this looks like an open and shut case," "several things bother me," "this is probably the reason," "it was over heard" and "it is possible that the driver" appeared in the letter. The Court of Appeals declared that although the action of the trial court was erroneous, there is no prejudice since the letter was not shown to the jury.

CR 26.02(3)(a) requires that the party seeking production of a document must show a substantial need of the material in preparation of his case. Moreover, he must show that he is unable without undue hardship to obtain its equivalent by other means. The rule also provides:

> "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." CR 26.-02(3)(a).

■ Contrary to CR 26.02(3)(a) the trial court did not require a showing of hardship on the part of the respondent and, therefore, improperly ordered admitted a document that disclosed "impressions, conclusions, opinions—." The requirements of CR 26.02(3)(a) are unambiguous and are mandatory. The action of the trial court was improper. However, since we are reversing the decision of the Court of Appeals on another ground, we do not decide the question of possible prejudice to movants by the production of the document.

The decision of the Court of Appeals is reversed, the case is remanded to the trial court with instructions to comply with this opinion.

All concur, except CLAYTON, J., not sitting.