Lisa VANHOOK and Cecil Vanhook, Appellants,

v.

STANFORD–LINCOLN COUNTY RESCUE SQUAD, INC., Roger Fox, An Infant; Freddie B. Fox and Sue Fox; Roger Davis and Evelyn Davis; and Rubin Edward Davis, An Infant, By and Through Next Friend, Darrell Reece, Appellees.

STANFORD–LINCOLN COUNTY RESCUE SQUAD, INC., Roger Fox, An Infant; Freddie B. Fox and Sue Fox, Appellants,

v.

Roger DAVIS, Evelyn Davis, and Rubin Edward Davis, An Infant, By and Through Next Friend, Darrell Reece, Appellees.

Court of Appeals of Kentucky.

Nov. 2, 1984.

P. Joseph Clarke, Richard W. Born, Danville, for Lisa Vanhook and Cecil Vanhook.

James G. Sheehan, Jr., Danville, for Stanford-Lincoln County Rescue Squad, Inc.

Dale B. Mitchell, Somerset, for Rubin Edward Davis.

J. Paul Long, Stanford, William T. Cain and Thomas Utley, Somerset, for Roger Fox, an infant, Freddie B. Fox, and Sue Fox.

Robert R. Baker, Stanford, Stephen M. O'Brien, III, Lexington, for Roger Davis and Evelyn Davis.

Before COMBS, GUDGEL and HOWERTON, JJ.

COMBS, Judge.

These two appeals arise from the same automobile accident and the same action in the Lincoln Circuit Court.

In the first appeal, the Vanhooks seek a reversal of the trial court's judgment dismissing their complaint and order overruling their CR 59 and CR 60.02 motions.

In the second appeal, the Stanford-Lincoln County Rescue Squad and the Fox family seek reversal of the court's judgment upon a jury verdict awarding Roger Davis the sum of $325,000 and his infant son, Rubin Edward Davis, the sum of $20,000.

The accident giving rise to both of these appeals occurred on December 19, 1980 at the intersection of U.S. Highway 27 and U.S. Highway 150 in Stanford, Kentucky. It involved an ambulance belonging to Stanford-Lincoln County Rescue Squad which was being driven by appellant, Roger Fox, an infant, and a pickup truck owned and operated by appellee, Roger Davis. In addition to the young driver, Steve Shoulty, the regular ambulance driver; Lisa Vanhook, a rescue squad volunteer; and Roger Richardson, a victim of an earlier accident, were riding in the ambulance. Mr. Shoulty and Mrs. Vanhook were apparently giving first aid to the victim at the time of this collision.

Appellee, Davis, was driving north on U.S. Highway 27, and the ambulance was traveling west on U.S. Highway 150. As a result of the collision both appellees, Roger Davis and his son, Rubin Edward Davis, were seriously injured. The driver of the ambulance, Roger Fox, the victim, Mr. Richardson, and the paramedic, Mrs. Vanhook, were also injured.

The original complaint was filed by appellees, Roger Davis and his wife, Evelyn, against appellees, Stanford-Lincoln County Rescue Squad, the infant, Roger Fox, and his father, Freddie B. Fox, and his mother, Sue Fox, the latter being named because she had signed the infant's application for his driver's license. The original defendants, Stanford-Lincoln County Rescue Squad and Roger Fox, filed counterclaims. Rubin Edward Davis, through his guardian ad litem, and Lisa Vanhook and her husband were permitted to intervene. Other parties were joined but are not necessary to a decision in these appeals. It is sufficient to say that all of the issues raised by all of the parties to these appeals were properly joined. The case was assigned for and came to trial on October 4, 1981. All parties appeared except the attorney for Lisa Vanhook and her husband. During the voir dire of the jury a prospective juror informed the court that a close relative of hers may have been an insurance adjuster whose company may have been involved in one of the accidents. It appears that there had been many vehicular accidents in Lincoln County on the morning of December 19, 1980. The rescue squad and the Fox family unsuccessfully sought to have the

case continued on the basis of this juror's statement. The trial court, after hearing arguments, overruled their motion.

After a three-day trial and after instructing the jury, interrogatories were submitted to them. The interrogatories required the jury to find, yes or no, whether or not the drivers, Davis and Fox, had violated one or more of the duties imposed upon them, and the amount of damages. The jury answered that appellee, Davis, had violated no duties, but that appellant, Fox, had violated one or more of the duties imposed upon him and that such violations were responsible for the accident and resulting injuries.

The jury then awarded Roger Davis the sum of $325,000. They denied any recovery to appellee, Evelyn Davis, on her claim for loss of consortium. The jury also returned a verdict in favor of their infant son, Rubin Edward Davis, in the amount of $20,000.

At the conclusion of the trial, motions were sustained to dismiss the intervening complaint of Lisa Vanhook and her husband. As noted earlier, their attorney was absent during the trial. The Vanhooks' CR 59 and CR 60.02 motions were overruled.

Appellants, Stanford-Lincoln County Rescue Squad and the Fox family, seek to reverse the judgment against them because of the trial court's refusal to continue the trial due to the injection of insurance on voir dire, because a state trooper was allowed to testify as an expert, and because of allegedly erroneous instructions to the jury.

■ The innocuous mentioning of insurance by the prospective juror did not, in any way, deprive appellants of a fair trial. It is quite apparent that the young driver of the ambulance ran the red light at a high rate of speed. He had his siren and his warning light on and had requested the police to activate the traffic light, but this did not relieve him of the duty to keep a lookout ahead. The Davises suffered significant and serious injuries. If there was

error, which we do not believe, it was harmless. CR 61.01.

■ The second assignment of error concerns the testimony of Trooper Owens. The appellants contend that his testimony is incompetent in light of *Alexander v. Swearer*, Ky., 642 S.W.2d 896 (1983). We are not persuaded that the trial court abused its discretion in allowing the police officer to testify as an expert. *See* R. Lawson, *The Kentucky Evidence Law Handbook* § 6.15 (2nd ed. 1984). He testified that he had been a trooper for eight years, had investigation training at the Academy and through continuing education. He also met the *Alexander* standard by basing his testimony on physical evidence and disclosing that evidence to the jury. Physical evidence was gouge marks on the road, debris from the impacting vehicles at the point of impact and skidmarks. Assuming the trial court erred in admitting Trooper Owens' testimony as to the speed of the vehicle, the error was harmless. Two passengers in the vehicle testified as to the young driver's excessive speed. Mrs. Vanhook testified he was going between 80 and 90 miles per hour, and Mr. Shoulty also testified that he was going at an excessive rate of speed and that he had told him to stop for the red light, but notwithstanding these admonitions he continued at an unslackened high rate of speed through the red light. CR 61.01.

We are of the opinion that the instructions and interrogatories submitted to the jury by the trial judge fairly and adequately presented the theories of the case advanced by the parties.

Lisa Vanhook and her husband seek a reversal of the trial court's dismissal of their claim.

■ Negligence of an attorney is imputable to the client and is not a ground for relief under CR 59.01(c) or CR 60.02(a) or (f). *See Childers v. Potter*, 291 Ky. 478, 165 S.W.2d 3 (1942).

Lisa Vanhook would have been entitled to a verdict and judgment in this case. Like the young Davis boy, she was merely

an innocent passenger in one of the two vehicles. Both she and her husband were denied their day in court by the unexplained absence of their attorney. To reverse her case would require a re-trial of the original action. Her complaint was against the owners and drivers of both vehicles. We cannot compel them to go through another trial.

In discussing a similar problem, the United States Supreme Court, in the case of *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), had this to say:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unfair penalty on the client. Petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of his freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

If appellants, Lisa Vanhook and Cecil Vanhook, are to be compensated for their losses, it will have to be in another case, in another forum and against other parties.

The judgment and order of the Lincoln Circuit Court are affirmed.

HOWERTON, J., concurs.

GUDGEL, J., concurs in part and dissents in part.

GUDGEL, Judge, concurring in part and dissenting in part:

I respectfully dissent from two portions of the majority opinion in appeal No. 84-CA–1021–MR. Clearly, the admission of Trooper Owens' testimony as to the point of impact and as to the speed of the rescue vehicle was incompetent because appellees failed to sufficiently qualify him as an expert in accident investigations. Because the trooper's testimony was admitted over objection in violation of the teachings in *Alexander v. Swearer, supra*, I would reverse the court's judgment. Moreover, the record shows that the court's failure to instruct the jury as to what it should do in the event it found that the drivers of both vehicles were negligent obviously confused the jury. This error, in my opinion, furnishes an additional independent ground for reversing the court's judgment. Therefore, I would grant the appellants in appeal No. 84–CA–1021–MR a new trial; otherwise, I concur in the majority opinion in these appeals.