NATURAL RESOURCES AND ENVI-
RONMENTAL PROTECTION
CABINET, Appellant,

v.

Terry Joe ADAMS d/b/a Lee Coal
Company, Appellee.

No. 92–CA–2987–MR.

Court of Appeals of Kentucky.

Dec. 17, 1993.

Case Modified and Ordered Published by
Court of Appeals April 1, 1994.

S. Bradford Smock, Frankfort, for appellant.

William Lewis Collins, Whitesburg, for appellee.

Before GARDNER, SCHRODER and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an order pursuant to CR 60.02 granting the appellee relief from a previous judgment of the circuit court.

By orders of the Secretary of the Natural Resources and Environmental Protection Cabinet the appellee was found guilty of violations of surface mining regulations and ordered to pay substantial penalties. The orders were entered on June 17, 1987. The appellee sought judicial review of the orders; however, on November 22, 1991, a judgment was entered in the circuit court affirming the Secretary's actions, finding that they were supported by substantial evidence. On December 10, 1991, eighteen days after entry of this judgment, the appellee filed a "Motion to Reconsider and Vacate Judgment," requesting the circuit court to vacate its judgment on the grounds that the appellee's previous attorney had failed to comply with the circuit court's briefing schedule, had failed to develop the appellee's arguments, had failed to file a "responsive brief," and had failed to appear at a "status conference" and "at other hearings." On December 26, 1991, the court ordered that its previous judgment be vacated, and on November 23, 1992, ordered that the Secretary's order be vacated. The basis for this was that, in the administrative proceeding, an administrative summons notifying the appellee of a request for a formal administrative hearing had not been issued within thirty days of the filing and mailing of the preliminary hearing officer's report. Although the appellee failed to raise this supposed procedural defect either in the administrative proceedings, in the direct judicial review of that proceeding, or in his post-judgment motion, the court nevertheless concluded that the failure to issue a summons within 30 days of the issuance of the hearing officer's report constituted a "jurisdictional defect," depriving the appellant of the authority to hold a formal hearing.

■ There is more than one reason why the orders of the trial court vacating its judgment and vacating the Secretary's orders should be reversed. We shall refer to only one. The appellee's motion to reconsider and vacate the circuit court's judgment being filed more than 10 days after entry of that judgment can only have efficacy as a motion pursuant to CR 60.02. The motion stated insufficient grounds to warrant relief under that rule, see Vanhook v. Stanford–Lincoln Cty. Rescue Squad, Inc., Ky.App., 678 S.W.2d 797 (1984), and the court did not rely on this ground in granting the appellee the relief which he sought. In fact, the court did not even make findings supporting the allegations contained in the appellee's motion, relying instead on what it supposed to be a jurisdictional defect in the formal administrative hearing.

■ It is undisputed that the Cabinet made its request for a formal hearing within the time set by the regulations. It is also undisputed that neither the statute nor applicable regulations require that an administrative summons be issued within 30 days of the issuance of the hearing officer's report. The request for a formal hearing was made on May 23, 1986, and the administrative summons issued on June 9, 1986. The summons also notified the appellee that a pretrial conference was set for July 10, 1986. The formal hearing took place in November. Although the circuit court found "the prejudice to the [appellee] substantial" from the failure to issue a summons within 30 days of the issuance of the preliminary hearing report, the record is void of evidence of any such prejudice, and we fail to see how there could

have been any. That the appellee had more than ample time to prepare for the hearing appears evident, particularly since he made no complaint at the time.

The order of the circuit court vacating the orders of the Secretary is reversed and this matter is remanded to that court for entry of an order reinstating its original judgment.

All concur.