RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0999-MR

CEMEX, INC. APPELLANT

APPEAL FROM JOHNSON CIRCUIT COURT
v.  HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 21-CI-00022

COUNTY CONCRETE LLC DBA
TRI COUNTY CONCRETE APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Cemex, Inc. (Cemex) appeals from the order dismissing its

complaint and the order denying it relief from that judgment entered by the

Johnson Circuit Court on July 20, 2021, and August 20, 2021, respectively.

Following a careful review of the record, briefs, and law, we reverse.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Cemex sued "County Concrete LLC dba Tri County Concrete" alleging that County Concrete LLC (County Concrete) transacts business as Tri County Concrete (Tri County). Cemex further claimed that County Concrete – using the name Tri County – owed it $46,193.64 for goods and/or services sold and delivered between November 1, 2019, and April 3, 2020, as documented by the statement and invoices attached to its complaint. While those documents named Tri County, the address listed was used by both Tri County and County Concrete.

Thirty days after it was served, County Concrete answered the complaint and admitted it transacts business as Tri County. However, a few months later, County Concrete moved the trial court to amend its answer to reflect that it did ***not*** transact business as Tri County. County Concrete simultaneously moved the court to dismiss the complaint claiming it has no ownership interest in or association with Tri County. County Concrete attached information from the Kentucky Secretary of State to its motion to dismiss showing "Tri County Concrete, Inc." is an inactive Kentucky corporation with a different registered agent than County Concrete – David Bowling rather than Jeffrey Lance

Bowling[1]—although both registered agents used the same address.[2]

County Concrete noticed both of its motions to be heard eight days after the motions were electronically filed with copies of same mailed to Cemex. Cemex was absent from the hearing on those motions, and the trial court granted both. The court found as a matter of fact that County Concrete and Tri County are separate and distinct. The court concluded as a matter of law that County Concrete was not liable for the damages due to lack of privity of contract[3] between the parties, and Cemex's complaint was dismissed with prejudice.

Cemex moved the trial court for relief from its order of dismissal pursuant to CR[4] 60.02. Cemex's counsel asserted that he did not receive copies of either County Concrete's motion to amend its answer or its motion to dismiss the complaint. He further asserted that he was out of the office at the time caring for his ailing mother, who ultimately passed away the day prior to the hearing. Cemex's counsel also claimed that he did not see the electronic filing notice of

---

[1] Cemex contends that Jeffrey is David's son and used the same business name, address, and account when conducting business with Cemex.

[2] According to the Kentucky Secretary of State website containing information about business filings, Tri County Concrete, Inc.'s last annual report was filed May 18, 2016; County Concrete was organized on September 30, 2016; and Tri County Concrete, Inc., was dissolved on November 2, 2016. The transactions at issue in this case occurred after November 1, 2019.

[3] No discovery has been conducted, and no contract is in the record.

[4] Kentucky Rules of Civil Procedure.

either motion until after the order dismissing the complaint was entered. Cemex argued it was entitled to relief due to mistake and/or excusable neglect due to its lack of notice prior to the hearing, or for any other extraordinary reason justifying relief – namely, the trial court erred in granting the motion to dismiss by not taking the allegations in the complaint as true and made findings of fact rather than deciding purely as a matter of law. The trial court denied Cemex's motion.

Cemex appealed the final judgment and later amended its notice of appeal to include the trial court's denial of its CR 60.02 motion. A prior panel of our Court directed Cemex to show cause why its appeal should not be dismissed as untimely. That panel found sufficient cause shown but limited the issues on appeal to those concerning the order denying Cemex relief under CR 60.02.

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

## ANALYSIS

On appeal, Cemex first argues that its CR 60.02 motion should have been granted under subsection "(a)" for "mistake, inadvertence, surprise or

-4-

excusable neglect" since Cemex was unaware a motion to amend the answer and a motion to dismiss the complaint were filed until after they were granted. However, it is well-established that "[n]egligence of an attorney is imputable to the client and is not a ground for relief under . . . CR 60.02(a) or (f)." *Vanhook v. Stanford-Lincoln Cnty. Rescue Squad, Inc.*, 678 S.W.2d 797, 799 (Ky. App. 1984). Accordingly, the trial court did not abuse its discretion in denying Cemex's motion.

Cemex next argues the trial court abused its discretion by denying it relief under CR 60.02(f) because its claims should have survived the motion to dismiss. We agree. Concerning failure to state a claim upon which relief can be granted, Kentucky's highest court has observed:

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . ." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?"

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

Even though no analysis was included in the court's order denying Cemex CR 60.02 relief, it is clear from the final judgment that the court impermissibly disregarded material facts alleged in the complaint and engaged in fact-finding. The allegations contained in Cemex's complaint were sufficient to survive a motion to dismiss. The trial court erred by granting the motion to dismiss and abused its discretion by denying the motion for relief from that judgment. Thus, we must reverse the trial court's order denying Cemex relief from the judgment dismissing its complaint.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Johnson Circuit Court is REVERSED.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Ernest V. Thomas, III<br>Cincinnati, Ohio | James Brandon May<br>Paintsville, Kentucky |