RENDERED: MARCH 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0364-MR

DARRIN WARTH                                                    APPELLANT

v.
APPEAL FROM BOONE CIRCUIT COURT
HONORABLE KENDRA L. MCCARDLE, JUDGE
ACTION NO. 21-CI-01402

SHELLY WARTH                                                    APPELLEE

OPINION AND ORDER
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: Darrin Warth ("Darrin") appeals from the Boone Circuit Court's findings of fact, conclusions of law, and order modifying his child support payment amount, ordering him to pay his child support arrearage, and finding him in contempt over various issues. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Darrin and Shelly Warth ("Shelly") were married in April 1997 in Meigs County, Ohio. Darrin filed a petition for dissolution of marriage on November 24, 2021. The couple had two (2) minor children when Darrin filed the petition, twins born in 2009. The couple also had an adult child who was born in 2003.

On July 18, 2022, the parties signed and filed with the circuit court a "Partial Agreement of the Parties" (the "Partial Agreement") whereby they agreed to joint custody of the minor children and other financial agreements. The parties participated in a bifurcated hearing, and the circuit court dissolved the parties' marriage and approved the Partial Agreement. On August 19, 2022, the circuit court entered Bifurcated Findings of Fact and Conclusions of Law and Decree of Dissolution, which approved and incorporated the Partial Agreement.

On September 21, 2022, the circuit court conducted a hearing to render judgment on the remaining issues not resolved in the Partial Agreement. On October 21, 2022, the court entered Supplemental Findings of Fact, Conclusions of Law, and Decree of Dissolution (the "Supplemental Decree"). In pertinent part of the Supplemental Decree, the court ordered that Darrin pay $3,743.75 toward Shelly's attorney's fees within three (3) months from the date of

its entry.  Neither Darrin nor Shelly made a motion to alter, amend, or vacate any part of the court's rulings at any point after their entry.

On January 17, 2023, Shelly filed a motion requesting, among other things, that the court hold Darrin in contempt for failure to pay child support and maintenance and requested a court order setting dates for Darrin's repayment of the arrearages owed on these payments.  On February 9, 2023, Shelly appeared with counsel, and Darrin appeared *pro se* at a hearing before the circuit court.  At the hearing, Darrin verbalized stipulations regarding several matters, with the court entering a written agreed order on February 10, 2023, wherein the parties agreed to continue the hearing to allow Darrin time to find new counsel.  Further, the agreed order indicated that Darrin had stipulated on the record that he had not yet paid $3,743.75 to Shelly's counsel as ordered by the court in the Supplemental Decree.

On October 4, 2023, the circuit court entered a pretrial order for a trial scheduled for January 11, 2024, on Shelly's pending motion.  It contained various deadlines regarding exhibit lists, witness lists, and other pleadings to tender to the court before the hearing, with the most pertinent portions being as follows:

> 2. No later than fourteen (14) days prior to the trial the parties and counsel shall:
>
>> a. Exchange exhibits, and *file with the Court an index* of *all documentary evidence and exhibits to be presented at trial*.  Absent good cause shown, failure to exchange an exhibit and include it in the

> index will result in the exclusion of such exhibit at trial.
>
> . . .
>
> b. File a **witness list** and provide a copy to the other party (parties), including the name, address, and telephone number of each witness to be called, as well as a short summary of each witness's testimony. Absent good cause shown, any witness not included on this list will be excluded from giving testimony at trial.

On January 2, 2023, Darrin filed his witness and exhibit lists. On January 5, 2024 – six (6) days before the trial – Darrin filed amended witness and exhibit lists. The amended witness list added the couple's adult child, Andrew Warth, and indicated that he would testify concerning a vehicle. The amended exhibit list also added a "Child Support Account Statement 1/4/2024." Neither Darrin's initial list nor amended list included any bankruptcy documents or references to such.

Following the trial on January 11, 2024, the court entered Findings of Fact, Conclusions of Law, and an Order on February 14, 2024. In relevant part, the court sustained Shelly's motion to find Darrin in contempt for his non-payment of attorney's fees as previously ordered. This appeal followed.

We will discuss further facts as they become relevant.

# ANALYSIS

### 1. **Discussion**

Darrin argues that the circuit court improperly excluded "critical evidence" without a motion *in limine*.  Specifically, he argues that the trial court's exclusion of the parties' son Andrew from testifying due to Darrin's late filing of his witness list was in error.  Additionally, Darrin argues that the trial court erred in disallowing the admission of exhibits regarding proof of payment due to Darrin's failure to file the exhibit list timely.

We first address Darrin's contention that a motion *in limine* must be filed for the court to examine the admissibility of evidence. No legal authority supports this argument.  While Kentucky Rule of Evidence ("KRE") 103(d) states that "[a] party *may* move the court for a ruling in advance of trial on the admission or exclusion of evidence[,]" the rule further provides that "[t]he court may . . . defer a decision on admissibility until the evidence is offered at trial."  (Emphasis added.)  Thus, the court's ability to exclude evidence through the testimony of a witness is not restricted to instances where a motion *in limine* was preliminarily filed.  Certainly, "[t]he decision to admit or exclude evidence rests with the trial court." *Progressive Max Ins. Co. v. Jamison*, 431 S.W.3d 452, 460 (Ky. App. 2013) (citation omitted).

We next address whether it was proper for the court to exclude Darrin's evidence. Under Kentucky law, "abuse of discretion is the proper standard of review of a trial court's evidentiary rulings." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* at 581 (citation omitted). However, as Darrin admits in his brief, at least some of the errors he raises regarding evidence exclusion were unpreserved for our review. Indeed, Darrin did not provide the substance of his intended evidence and testimony to the trial court. Under Kentucky's rules of evidence, "[t]o preserve a trial court's ruling for appeal, a substantial right of the party must be affected and, relevant to the present case, the substance of the excluded testimony must be provided to the trial court." *Stansbury v. Commonwealth*, 454 S.W.3d 293, 298 (Ky. 2015) (quoting *Henderson v. Commonwealth*, 438 S.W.3d 335, 339-40 (Ky. 2014)). *See also* KRE 103(a)(2).

For unpreserved claims of error, Courts have applied Kentucky Rule of Criminal Procedure ("RCr") 10.26, with its identical civil counterpart being Kentucky Rule of Civil Procedure ("CR") 61.02. Both rules state that the test for these unpreserved issues is whether the error is "palpable" and "affects the substantial rights of a party[.]" *Id.* Even then, relief is appropriate only "upon a determination that manifest injustice has resulted from the error." *Id.*

-6-

In this case, we find no abuse of discretion or palpable error in the trial court's decision to exclude the evidence Darrin describes in his brief. Darrin's substantial rights were not affected by the court's ruling regarding the exclusion of evidence. Darrin's initial exhibit and witness lists were filed after the trial court's deadline, as set out in the trial order. Darrin then filed his amended exhibit and witness lists just six (6) days before trial. Thus, Darrin filed his initial lists after the court-ordered deadline and filed his amended lists even further after the court-ordered deadline. Moreover, none of his lists referenced his bankruptcy or related documents. The indisputable fact remains that Darrin failed to comply in a timely manner with the trial court's order regarding deadlines for witness and exhibit lists and failed to raise objections or preserve errors to the trial court effectively. It is abundantly clear that Darrin did not follow the trial court's order regarding timing or content, and the trial court acted soundly within its discretion by excluding such evidence. Thus, we discern no palpable error or manifest injustice.

Darrin further argues that "this case is riddled with instances of palpable error committed by [Darrin's] counsel, which negatively impacted [Darrin's] substantial rights and resulted in manifest injustice." However, it is well established that "negligence of an attorney is imputable to the client[.]" *Vanhook v. Stanford-Lincoln Cnty. Rescue Squad, Inc.*, 678 S.W.2d 797, 799 (Ky. App. 1984). Indeed, Darrin "voluntarily chose the attorney as his representative in the

action, and he cannot now avoid the consequences of the acts or omissions of his freely selected agent." *Id.* at 800 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962)).  Reaching the opposite result:

> would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* (internal quotation marks and citations omitted) (quoting *Link*, 370 U.S. at 634, 82 S. Ct. at 1390).  Thus, we discern no error.

Darrin next claims that the court committed a reversible error when it failed to take judicial notice of Darrin's bankruptcy proceedings and related financial documents.  Darrin testified at the trial that as a result of his financial difficulties, he filed for bankruptcy protection.  He argues that during the bankruptcy proceedings, the bankruptcy court absolved him of his debt to Shelly for attorney's fees.

Before analyzing this argument, we must address Shelly's motion to strike portions of Darrin's brief, which a motion panel passed to this merits panel by order entered September 17, 2024.  In her motion to strike, Shelly criticizes two sections in the "Statement of the Case" portion of Darrin's brief, where he stated that he had filed a voluntary petition for Chapter 7 bankruptcy and referencing the

petition and the bankruptcy court's order of discharge. In support of her motion, Shelly argues that, although Darrin testified at the trial that he had filed for bankruptcy, he provided no documentary evidence to the circuit court. Thus, such documents were not part of the circuit court record. Shelly requests that we strike those portions of Darrin's brief as a remedy. In his reply to Shelly's motion, Darrin argues that this Court should take judicial notice of the facts and circumstances surrounding his bankruptcy.

KRE 201 "governs only judicial notice of adjudicative facts" and provides in pertinent part that "[a] court *shall* take judicial notice *if requested by a party and supplied with the necessary information*." KRE 201(d) (emphasis added). Otherwise, a court has discretion regarding when to take judicial notice of an adjudicative fact. KRE 201(c). Here, Darrin never requested that either the trial court or this Court take judicial notice of any of the facts surrounding his bankruptcy. Nor did he supply either court with the necessary information. Thus, neither the trial court nor this Court is required to take judicial notice in this situation. *See* KRE 201(d). We find no merit in Darrin's claim that the trial court erred in failing to take either mandatory or discretionary judicial notice of the bankruptcy proceedings and related financial documents. Because this issue was not considered by the trial court we have no jurisdiction to do so now.

> An appellate court "is without authority to review issues not raised in or decided by the trial court." *Regional Jail*

> *Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989);
> *Matthews v. Ward*, 350 S.W.2d 500 (Ky. 1961); *see also*
> *Lanham v. Commonwealth*, 171 S.W.3d 14, 21 (Ky.
> 2005) (A motion in limine will be treated by an appellate
> court as not raising any matter for review not strictly
> within the scope of the motion.). Neither will the
> objections made in the motion in limine, that the
> evidence was "irrelevant and unduly prejudicial," be
> treated as supporting this new argument. This issue
> being unpreserved and not having been presented to the
> trial court in the first instance, we will not address it.

*Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009).

As to Shelly's motion to strike, Kentucky Rule of Appellate

Procedure ("RAP") 32(E)(1)(c) provides that "[e]xcept for matters of which the

appellate court may take judicial notice, materials and documents not included in

the record shall not be introduced or used as exhibits in support of briefs." RAP 10

provides a list of sanctions this Court may use to address the failure of a party to

comply with the Rules of Appellate Procedure. "[T]he failure of a party to

substantially comply with the rules is ground for such action as the appellate court

deems appropriate . . . ." As such, we DENY Shelly's motion to strike the portions

of Darrin's brief referred to in Shelly's motion, and instead choose to disregard

those portions in our consideration of this appeal.

Finally, Darrin contends in his brief that the trial court abused its

discretion when it "disregarded the preemptive effect of federal bankruptcy law

over state court orders." We disagree. "Both state courts and federal courts have

jurisdiction to determine the dischargeability of an obligation under 11 [United States Code] § 523(a)(5)." *Mattingly v. Mattingly*, 164 S.W.3d 518, 521 (Ky. App. 2005) (citations omitted). Moreover, because Darrin failed to present documentary evidence of his alleged discharge of the attorney's fees owed to Shelly, this Court cannot determine the validity of any discharge. Thus, we decline to address this argument.

## CONCLUSION

For the foregoing reasons, we affirm the Boone Circuit Court's orders.


ALL CONCUR.


ENTERED: ___03-28-2025___          _____
                                            JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Brandon N. Voelker              Michael J. McMain
Covington, Kentucky             Florence, Kentucky

-11-