RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0330-MR

JANETTE COWAN                                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE JULIE KAELIN, JUDGE
ACTION NO. 21-CI-001541

GENERAL ELECTRIC                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: A. JONES, KAREM, AND MOYNAHAN, JUDGES.

JONES, A., JUDGE: Acting without the assistance of counsel, the Appellant,

Janette Cowan ("Cowan"), challenges the January 31, 2025, order of the Jefferson

Circuit Court, which granted the Appellee's, Haier US Appliance Solutions, Inc.

("Haier"),[1] motion for summary judgment and dismissed the underlying case.

---

[1] Haier has noted on appeal as well as in the underlying matter that it is incorrectly named by Cowan as General Electric.

After carefully reviewing the briefs, the record on appeal, and the relevant law, we affirm.

## I.   BACKGROUND

Haier operates various manufacturing facilities in which it employs factory workers. When Cowan was 54, she applied for such a position at Haier, which hired her in April 2012. At the time she was hired, Cowan passed a job performance test that assessed a potential employee's physical ability to do tasks necessary for the job, including lifting, squatting, bending, and reaching. Cowan worked for Haier for the next five years, earning multiple promotions. Each subsequent position maintained some physical requirements to perform the job.

In March 2017, Cowan was involved in an automobile accident in which she sustained an injury to her neck. Cowan began treating her injury with physical therapy while continuing to work in her position. Eventually, in June 2017, she visited a physician who recommended Cowan have spinal surgery and placed her off work completely. As a result, Cowan sought information from the Industrial Division of the Communications Workers of America ("IUE-CWA"), a union in which she was a member, concerning Haier's Transitional Workplace Program ("TWP"). The TWP is a program Haier utilizes in which it places employees with temporary work restrictions in suitable working assignments, if available. She did not inquire about the TWP directly from Haier, however. Based

on information received from IUE-CWA, Cowan believed she was eligible for TWP, but she was not placed in the program.[2]

Over the following year, Haier retained Cowan as an employee and continued to pay her benefits while she remained off work. In April 2018, Haier informed Cowan that if she was unable to obtain a physician's assessment confirming her ability to return to work, her employment would be terminated in June 2018. The termination would be pursuant to Haier's policies and procedures, which stated that Haier must administratively terminate an employee who has been absent from work for one year for any reason.

On June 11, 2018, Cowan provided medical documentation from her physician that included workplace restrictions, further stating Cowan was scheduled for spinal surgery on June 20, 2018, and that she would not be able to return to work until at least October 2018. Haier terminated Cowan's employment on June 15, 2018, though it informed Cowan that she could reapply for a position once any work restrictions were lifted after her surgery.

After being cleared to return to work by her physician, Cowan reapplied for a position with Haier, which rehired her in September 2019. During Cowan's first shift back, she sustained an injury to her shoulder while reaching

---

[2] It appears, however, that Cowan was placed off work entirely by her physician as opposed to being placed on temporary work restrictions, such as no lifting over a certain weight limit.

overhead for some supplies. After seeking medical treatment, Cowan was released to work with some temporary restrictions. Upon providing medical documentation of those restrictions, Haier admitted Cowan to the TWP. Cowan remained in the TWP until February 14, 2020, when she was involved in another automobile accident that resulted in injuries to her lower back. Cowan's physicians placed her off work indefinitely. In December 2020, Haier informed Cowan that her employment would be terminated in February 2021 if she could not provide medical documentation confirming her ability to return to work. Haier extended this deadline multiple times, but after Cowan was not able to provide sufficient documentation, it terminated her employment on April 2, 2021.

Cowan, through counsel, initiated the underlying action on March 12, 2021, alleging age discrimination under the Kentucky Civil Rights Act, Kentucky Revised Statutes ("KRS") Chapter 344.[3] Haier moved to dismiss Cowan's complaint because she failed to include her age, a critical element of an age discrimination claim. The circuit court granted Haier's motion, but later vacated the dismissal and allowed her to file an amended complaint in November 2021. The amended complaint corrected the deficiency concerning Cowan's age and asserted an additional claim of disability discrimination.

---

[3] The initial complaint was filed prior to Cowan's termination because it was grounded in allegations that younger comparator employees were treated more favorably than she was under Haier's TWP program.

Approximately a year later, Haier moved to dismiss the case again, citing Cowan's failure to supply written discovery responses despite an order compelling Cowan to provide them. The circuit court granted the motion to dismiss, but subsequently vacated the order and returned the case to its active docket.

In December 2024, Haier filed a motion for summary judgment, which the circuit court granted on January 31, 2025. The circuit court concluded that Cowan neither provided any direct evidence of discrimination nor established a *prima facie* case of discrimination through inferential and circumstantial evidence. In doing so, it also noted concerns with Cowan's counsel in that the response to the motion for summary judgment did not include exhibits, though some were identified, contained plagiarized portions, and inappropriately relied upon a set of invalid requests for admission.[4]

Cowan, through counsel, filed a motion pursuant to Kentucky Civil Rules of Procedure ("CR") 52.02, CR 59.05, and CR 60.01, seeking to alter, amend, or vacate the order and to correct the record, specifically to allow an amended response to Haier's motion for summary judgment to be filed, which

---

[4] These requests for admission were made during the time the case was dismissed and were voluntarily withdrawn by counsel.

corrected the deficiencies noted in the circuit court's order. The circuit court denied the motion. This appeal followed.

## II. ANALYSIS

Cowan proceeds in this appeal *pro se*. While we afford *pro se* litigants some latitude, they are nevertheless required to comply with the Kentucky Rules of Appellate Procedure ("RAP"). *W.I.S. v. K.M.B.*, 722 S.W.3d 569 (Ky. App. 2025); *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019); *Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010).

Kentucky Rules of Appellate Procedure ("RAP") 32 requires that an appellant's brief contain, among other things, ample references to the record supporting the statement of facts and a preservation statement at the beginning of each argument identifying where the issue was raised and ruled upon in the trial court. RAP 32(A)(3), (4). Not only does Cowan's brief deviate significantly from the format prescribed by the Kentucky Rules of Appellate Procedure and fails to contain mandated sections,[5] it markedly does not contain any citations to the record on appeal, fails to cite to any controlling laws or authorities, and, most problematic, does not include any preservation statements indicating how her arguments were preserved for this Court's review. RAP 32(A)(3); RAP 32(A)(4).

---

[5] It does not contain a statement concerning oral argument pursuant to RAP 32(A)(1) nor a statement of points and authorities pursuant to RAP 32(A)(2).

Furthermore, despite being informed of the errors by Haier's response brief, Cowan failed to correct or address any of the deficiencies in her reply brief.

These omissions significantly impede appellate review because they prevent this Court from determining whether Cowan's claims were properly preserved and where the relevant facts may be located in the record. The purpose of the preservation requirement is to assure the reviewing court that "the issue was properly presented to the trial court and therefore, is appropriate for [appellate] consideration." *Cotton v. NCAA*, 587 S.W.3d 356, 360 (Ky. App. 2019) (quoting *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012)). This requirement serves both procedural and substantive purposes, as the fact and manner of preservation generally determine the applicable standard of review. *Id.* It is neither the function nor the responsibility of an appellate court to scour the record to determine whether an issue has been preserved. *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky. 2003).

When an appellant fails to comply with the briefing rules, this Court has several options, including striking the brief, dismissing the appeal, or, in the case of preservation errors, reviewing the appeal for manifest injustice. *Swan v. Gatewood*, 678 S.W.3d 463, 469 (Ky. App. 2023); *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). Because Cowan has failed to demonstrate that any of her claims were preserved, we review her appeal only for manifest injustice. *Ford*

*v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); *Mullins v. Appalachian Reg'l Healthcare, Inc.*, 707 S.W.3d 1, 6 (Ky. App. 2025). "Manifest injustice" is "error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006)). Under this standard, relief is warranted only if the alleged error is clear and results in a substantial miscarriage of justice. *Id.*

At the outset, we note that the majority of Cowan's brief concerns the various grievances she has against her former counsel. It is well established, however, that the negligence of a party's attorney in a civil case is "imputable to the client" and not a ground for reversal.[6] *Vanhook v. Stanford-Lincoln Cnty. Rescue Squad, Inc.*, 678 S.W.2d 797, 799 (Ky. App. 1984). Thus, our review below is limited to the summary judgment decision and not on any deficiency in counsel's representation.

The Kentucky Civil Rights Act ("KCRA") makes it an unlawful employment practice for an employer "[t]o fail or refuse to hire, or to discharge

---

[6] This is not to suggest that Cowan is without a remedy. If her counsel failed to perform competently or engaged in misconduct, she may pursue a legal malpractice action and/or file a complaint with the Kentucky Bar Association. Nothing in this Opinion, however, should be construed as implying any wrongdoing or negligence on the part of her counsel.

any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . age forty (40) and over, [or] because the person is a qualified individual with a disability." KRS 344.040(1)(a). A plaintiff may prove a violation of the KCRA either by presenting direct evidence of discrimination or by using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 495-96 (Ky. 2005); *Hawkins v. Board of Education of Scott Cnty.*, 716 S.W.3d 1, 6 (Ky. App. 2025).

"Direct evidence is evidence, which if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption. . . . Typically, this type of smoking-gun evidence will consist of written or oral statements, most likely made by the decision-maker responsible for the adverse action against the plaintiff." *Kentucky Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 135 (Ky. 2003) (internal quotation marks and citations omitted). To establish a *prima facie* case of discrimination, an appellant must prove he or she: (1) was a member of a protected class; (2) suffered an adverse employment action; (3) was qualified to perform the position; and, (4) that the employer treated similarly situated employees outside of the protected class more favorably. *See Flock v. Brown-Forman Corp.*, 344 S.W.3d 111, 114 (Ky. App. 2010) (citing

-9-

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)); *see also Larison v. Home of the Innocents*, 551 S.W.3d 36, 41 (Ky. App. 2018); *Hawkins*, 716 S.W.3d 1 at 6.

The circuit court first concluded that Cowan presented no direct evidence for either claim of discrimination. Then, turning to the second method, the circuit court determined it was impossible for Cowan to prove the third *prima facie* requirement because she had not been released to return to work, even with restrictions, when she was terminated. It also noted that Cowan failed to show that she was replaced by a younger worker or that other similarly situated employees received more favorable treatment.

The record supports the circuit court's conclusions. Cowan admitted that no other employee or supervisor made any discriminatory remarks to her and that she never reported any discrimination to Haier. The record is also clear with several instances of Haier's attempts to accommodate Cowan while considering her age and physical ability. Additionally, though Cowan was not initially admitted to the TWP in 2018, she acknowledged receiving inaccurate information about it from IUE-CWA, not approaching Haier directly to inquire about it, and only later realizing she was not eligible because her physician had not provided any temporary restrictions at that time.

In challenge to the circuit court's determination concerning a *prima facie* case, Cowan, for the first time on appeal, references an individual similarly situated to her who allegedly received preferential treatment and raises general allegations that Haier did not comply with the standards set by the Occupational Safety and Health Administration. However, those arguments were not raised below, so they are not preserved for this Court's review. *See Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012); RAP 32(A)(4).

Regardless, even if Cowan had established a *prima facie* case, the circuit court also found that Haier proffered sufficient evidence to prove that Cowan's employment ended as the result of legitimate non-discriminatory reasons, namely her inability to return to work for over a year, for both stints of her employment, without the appropriate clearance from her doctors. *See Williams*, 184 S.W.3d at 497 (citations omitted).

## III.   CONCLUSION

Accordingly, finding no manifest injustice, we affirm the Jefferson Circuit Court's January 25, 2025, order granting Haier's motion for summary judgment.


ALL CONCUR.

-11-

BRIEFS FOR APPELLANT:

Janette Cowan, *pro se*
Nazareth, Kentucky

BRIEF FOR APPELLEE:

Robert C. Rives IV
Trent A. Taylor
Louisville, Kentucky