## WILDCAT PROPERTY MANAGEMENT, LLC, Appellant,

v.

Stephanie **REUSS; Mary Martha McGeehan; Lindsay Franzen; Jenna Stevens; Carl Thomas Franzen; Tom Reuss; and Doug Graff, Appellees.**

No. 2008–CA–002290–MR.

Court of Appeals of Kentucky.

Dec. 11, 2009.

John N. Billings, Lexington, KY, for appellant.

Cheryl H. Anderson, Lexington, KY, for appellee, Lindsay Franzen.

Before SARA WALTER COMBS, Chief Judge; MOORE, Judge; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge, (Assigned).

Wildcat Property Management, LLC appeals from the November 13, 2008, order of the Fayette Circuit Court dismissing its action against Stephanie Reuss, Carl Thomas Franzen, Lindsay Franzen, Doug Graff, Mary Martha McGeehan, Tom Reuss, and Jenna Stevens for lack of prosecution. For failure of the trial court to support its dismissal with appropriate findings, we reverse and remand.

In December 2005, Wildcat filed a civil action against appellees, seeking damages for unpaid rent.[2] A few months later, Wildcat moved for a trial date. Prior to trial, the parties were ordered to attend a pretrial conference, and mediation was required prior to the date of the scheduled pretrial conference. Thereafter, Wildcat's original counsel, John Schrader, was elected Family Court Judge for the Fayette Circuit Court. However, no motion to withdraw as counsel or to substitute new counsel appears in the record.

On January 25, 2008, notice was given to the parties to show cause why the action should not be dismissed for the reason that no steps had been taken in the previous year. A month later, an order was entered allowing the action to remain on the docket for 60 days. On April 24, 2008, Wildcat filed a motion for an extension of time and a motion for Kathryn Walton to withdraw as counsel. The trial court allowed Ms. Walton to withdraw and Wildcat was given 30 days to secure counsel and resolve the matter. On June 2, 2008, Bobby Wombles filed his notice of appearance as counsel for Wildcat, and a few months later, a notice of substitution of counsel Charles Ward was filed by Wildcat. Finally, on October 24, 2008, Appellee, Lindsay Franzen, filed a motion to dismiss with prejudice due to the lack of prosecution by Wildcat. Wildcat filed a response, the motion was heard, and on November 13, 2008, the court entered an order dismissing the case with prejudice. This appeal followed.

■ The first issue is whether the underlying action was dismissed pursuant to CR[3] 41.02, CR 77.02, or Fayette Local Rule 25. The uncertainty arises from the language of Franzen's motion, which states "the Defendant . . . *pursuant to Rule 25 of the Fayette Circuit Court Rules*, moves the Court for an Order of Dismissal, with prejudice, due to the lack of prosecution by the Plaintiff." (Emphasis added). The uncertainty is amplified by the trial court's failure to identify which rule it relied on for dismissal. Wildcat argues that the trial court was without legal authority to dismiss the underlying action with prejudice for lack of prosecution pursuant to CR 77.02(2) and/or Local Rule 25, because both of those rules provide only for dismissal *without* prejudice.

■ Fayette Local Rule 25 states:

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. The original defendants in the action were Stephanie Reuss, Mary Martha McGeehan, Lindsay Franzen, and Jenna Stevens. On February 7, 2006, Wildcat was given leave to file an amended complaint and it did, including Carl Thomas Franzen, Tom Reuss, and Doug Graff as defendants.

3. Kentucky Rules of Civil Procedure.

[w]hen any action has remained on the Civil Docket for one year without any step being taken indicating an intention to prosecute, the action may be dismissed for want of prosecution on motion of either party or on the Court's own motion.

Rule 25 is virtually the same as CR 77.02(2), which states:

[a]t least once each year trial courts shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing without prejudice each case in which no answer or an insufficient answer to the notice is made.

Commonly referred to as "housekeeping rules," CR 77.02, and its local counterpart, Fayette Local Rule 25, are a means to expedite the removal of unprosecuted cases from court dockets. Construing CR 77.02(2), this Court has said:

Under the plain language of the rule, the trial court is required once a year to review its cases and dismiss those in which no pretrial steps have been taken in the preceding year unless good cause is shown. Notably, however, the rule provides that cases shall be dismissed "without prejudice."

*Manning v. Wilkinson,* 264 S.W.3d 620, 622–23 (Ky.App.2007) (citation omitted). While Fayette Local Rule 25 is silent as to whether a dismissal under its auspices is with or without prejudice, a local rule would be constitutionally infirm if it went beyond a parallel rule in the Rules of Civil Procedure. Kentucky Constitution § 116. Local rules must be in conformity with rules of court adopted by the Supreme Court pursuant to its rule-making authori-

ty. Accordingly, any dismissal under Fayette Local Rule 25 would be without prejudice.

Where dismissal with prejudice is sought, CR 41.02 is the procedural vehicle. Unlike CR 77.02(2), which allows for dismissal of a case *sua sponte,* CR 41.02 requires a motion. CR 41.02 provides, in relevant part:

(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.

. . . .

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this Rule, and any dismissal not provided for in Rule 41, other than a dismissal for lack of jurisdiction, for improper venue, for want of prosecution under Rule 77.02(2), or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

There is a great distinction in purpose and effect between the docket-clearing housekeeping rules discussed hereinabove and an adjudicatory dismissal pursuant to CR 41.02. In this case, although the motion to dismiss relied on Local Rule 25, the order of dismissal was with prejudice and was, of necessity, pursuant to CR 41.02. As such, the particular requirements of decisional law are applicable. A leading case on this issue is *Ward v. Housman,* 809 S.W.2d 717 (Ky.App. 1991), which sets forth six nonexclusive factors for a trial court to consider and apply as appropriate and where applicable prior to dismissal with prejudice under CR 41.02. The *Ward* factors are "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim;

5) prejudice to the other party, and 6) alternative sanctions." *Id.* at 719 (citing *Scarborough v. Eubanks,* 747 F.2d 871 (3rd Cir.1984)). It should be understood that the *Ward* factors are available for trial court consideration, but that other relevant factors should also be considered. A reviewing court must be informed of the trial court's thinking for review to be meaningful. However, not every *Ward* factor need be considered in every case, nor is a non-enumerated factor unavailable for the court's consideration. The Supreme Court of Kentucky has recently addressed the issue of involuntary dismissal pursuant to CR 41.02 in *Jaroszewski v. Flege,* 297 S.W.3d 24 (Ky.2009). Its decision is also instructive as to the proper manner for addressing this issue.

 "Dismissals for lack of prosecution pursuant to CR 41.02 and CR 77.02 are reviewed under an abuse of discretion standard." *Toler v. Rapid American,* 190 S.W.3d 348, 351 (Ky.App.2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton,* 125 S.W.3d 258, 272 (Ky.2004) (quoting *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999)). This Court has held that the involuntary dismissal of a case with prejudice "should be resorted to only in the most extreme cases," and a reviewing court must "carefully scrutinize the trial court's exercise of discretion in doing so." *Polk v. Wimsatt,* 689 S.W.2d 363, 364–65 (Ky.App.1985). Meaningful review of this case is impossible because we do not know why the trial court decided as it did. Accordingly, we hold that the Fayette Circuit Court failed to properly exercise its discretion by failing to make the required findings.

Wildcat argues that even if the trial court had examined the *Ward* factors, dis-missal with prejudice would have been an abuse of discretion. However, because the trial court has not yet had an opportunity to reconsider its ruling after a thorough analysis of all relevant factors, this argument is premature.

For the reasons stated above, the November 13, 2008, Order of Dismissal of the Fayette Circuit Court is reversed and remanded for further consistent proceedings.

ALL CONCUR.