RENDERED: AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1229-MR

PAUL PSIONES                                                         APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE A.C. MCKAY CHAUVIN, JUDGE
                     ACTION NO. 20-CI-004663

CHRISTINA BELL;
MARK E. BARKER; AND
AA AUTO REPAIR                                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Paul Psiones appeals a September 21, 2022, order of the

Jefferson Circuit Court dismissing his negligence claims against the above-

captioned appellees due to his failure to prosecute; and an October 3, 2022, order

denying his motion to vacate. Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2020, Paul Psiones filed suit in Jefferson Circuit Court against Christina Bell, AA Auto Repair ("AA Auto"), and "Mark Baker," claiming these individuals were jointly and severally liable for injuries he had sustained in a motor vehicle accident. In sum, Psiones alleged that on or about April 2, 2020, a truck bearing AA Auto's logo collided with the vehicle he was driving; that Bell was liable for her negligence in operating the truck and causing his resulting injuries; and that the owner of the truck and/or the individual who had provided it to Bell – allegedly AA Auto and/or "Mark Baker" – were jointly and severally liable for negligent entrustment. Later that month, AA Auto filed an answer that generally denied liability and specifically denied ownership of the truck and any relationship with "Mark Baker." Bell was served but did not answer. As for "Mark Baker," Psiones was permitted to amend his complaint on December 9, 2020, to reflect that this individual was actually "Mark E. Barker."

On October 26, 2020, Psiones moved for default judgment against Bell and a hearing on damages. The circuit court entered an order providing Bell until December 14, 2020, to file a response. After that, no other activity of record occurred regarding Bell. Psiones did not renew his motion for default judgment after December 14, 2020, nor otherwise inform the circuit court that Bell still had not filed a responsive pleading.

On February 17, 2021, Psiones moved to appoint a special bailiff to serve Barker, whom he alleged was avoiding service. His motion was granted on March 5, 2021. After that, no other activity of record occurred regarding Barker, and Barker remained unserved. Although AA Auto had filed an answer, Psiones also took no steps toward prosecuting his action against AA Auto.

On March 10, 2022, Psiones' continued inaction regarding his case prompted the circuit court to notify him, pursuant to Kentucky Rule of Civil Procedure (CR) 77.02(2),[1] that his suit would be dismissed in 30 days for want of prosecution unless he filed a pleading and accompanying affidavit showing good cause why no steps had been taken of record to further his case for more than one year. Psiones filed a timely response to the circuit court's notice but offered little explanation for his inaction over the prior year. In the relevant part, his March 14, 2021, responsive pleading stated:

> Plaintiff respectfully requests the Court to not enter an Order dismissing the above claim. Plaintiff's counsel states that a lawsuit was filed on August 11, 2020. The Plaintiff is not currently seeking medical treatment for the injuries sustained on April 2, 2020. Counsel has a Special Bailiff appointed to serve Mark Barker.

---

[1] In full, CR 77.02(2) provides:

At least once each year trial courts shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing without prejudice each case in which no answer or an insufficient answer to the notice is made.

> Defendant, Christina Bell, has been served (9/15/2020);
> Defendant, AA Auto Repair, has been served
> (8/20/2020); however, no responsive pleadings have been
> filed.[2]  It is believed Mark Barker is avoiding service.
> As such it is respectfully requested that this matter
> remain on the Court's docket.

The affidavit that accompanied Psiones' response, sworn out by his attorney, also did not explain Psiones' inaction over the prior year beyond indicating that Mark Barker could not be located and served.  It incorrectly represented that "*No* Defendants have been served or filed responsive pleading [sic]."  (Emphasis added.)  Furthermore, it averred that "The depositions of the parties were taken on July 26, 2012" – an averment that is contrary to all indications of the record and which appears to have been accidentally included in the affidavit, considering that Psiones initiated this action in 2020.

On September 21, 2022, after nothing else of record demonstrated any further progress had occurred in this matter, the circuit court dismissed Psiones' action without prejudice pursuant CR 77.02.  In the relevant part of its order to that effect, the circuit court explained:

> In keeping with the Court's Opinion and Order of March
> 18, 2022, the aforementioned notice was to be held in
> abeyance for a period of sixty days.  No pretrial steps of
> record have taken place since the Court's aforementioned
> Opinion and Order.

---

[2] Psiones' representation that "no responsive pleadings have been filed" is incorrect.  As indicated, AA Auto filed a timely answer.

-4-

. . .

> THE COURT FINDS that no sufficient cause has been shown as to why no pretrial steps have been taken of record by the Plaintiff in more than one (1) year.

Psiones subsequently moved the circuit court pursuant to CR 59 to vacate its order, offering three contentions in support. First, he argued that the "Opinion and Order of March 18, 2022" referenced in the circuit court's September 21, 2022, order was never effective because it was never entered, and that he was never aware of it, and it was consequently unfair to dismiss his action on that basis. Second, he argued he had been diligently pursuing this case because he had attempted to effectuate service upon Barker by mail on at least four occasions since amending his complaint; and that he had also attempted to effectuate service upon Barker by resorting to a special bailiff. In that latter vein, he appended a series of emails his counsel had received from the special bailiff that detailed the special bailiff's sporadic attempts at service and lack of success between May 2021 and March 2022.[3] Third, Psiones noted that he had moved for default judgment against Bell in 2020, and he faulted the circuit court for

---

[3] The emails from the special bailiff, Tija Jackson, were respectively dated May 11, 2021; November 16, 2021; December 16, 2021; March 14, 2022. Jackson did not specify the number of attempts she made to serve Barker during this time. The final email from Jackson, dated March 14, 2022, indicates she agreed to accept $180 for a "stake-out" of Barker's home.

dismissing his suit before ruling on his pending motion. The circuit court subsequently denied Psiones' motion to vacate. This appeal followed.

## STANDARD OF REVIEW

CR 77.02 is essentially a "housekeeping rule," to expedite removing stale cases from a court's docket. *Honeycutt v. Norfolk Southern Ry. Co.*, 336 S.W.3d 133, 135 (Ky. App. 2011). Trial courts have wide discretion in dismissing cases under CR 77.02. *Id*. And we review dismissals pursuant thereto under the abuse of discretion standard. *Wildcat Prop. Mgmt., LLC v. Reuss*, 302 S.W.3d 89 (Ky. App. 2009). Additionally, because this appeal arises from denying a CR 59.05 motion, our review as an appellate court is also under the abuse of discretion standard. *Bowling v. Ky. Dep't of Corr.*, 301 S.W.3d 478 (Ky. 2009). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Reuss*, 302 S.W.3d at 93 (quoting *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004)).

## ANALYSIS

Before reaching Psiones' arguments, we must address the appellees' failure to file an appellee brief. Kentucky Rule of Appellate Procedure (RAP) 31(H)(3) provides penalties for an appellee's failure to file a brief:

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action;

-6-

> or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

Though we can side with Psiones procedurally due to the failure of the appellees to file briefs, we decline to do so because Psiones' arguments fail on the merits. On appeal, Psiones begins by reasserting the three arguments he advanced below in his CR 59 motion. We will address those arguments in turn. First, Psiones is correct that the circuit court never entered the "Opinion and Order of March 18, 2022" referenced in its dispositive order of September 21, 2022, and that the "Opinion and Order of March 18, 2022" was accordingly never effective. *See, e.g.*, *Murrell v. City of Hurstbourne Acres*, 401 S.W.2d 60, 61 (Ky. 1966) (explaining court orders are only effective if they are in writing, signed by the judge, *and* entered into the official record by the circuit clerk).

However, this point does not indicate that the circuit court's decision to dismiss Psiones' action was erroneous or otherwise caused Psiones undue prejudice. Psiones appears to be complaining that the circuit court penalized him for his failure to comply with an order that he never knew about, but the ultimate result that the circuit court achieved in this matter was consistent with CR 77.02(2). Pursuant to that civil rule, the circuit court was authorized to dismiss his action if, within thirty days of its notice, he failed to show good cause. Had the circuit court's March 18, 2022, order been effective, it would have allowed Psiones

-7-

an additional 60 days to demonstrate good cause for not dismissing his case –

leeway not otherwise contemplated by CR 77.02(2). Because that order was not

entered and because Psiones was not aware of it, Psiones accordingly had no

reason to expect that he would be granted more than the thirty days permitted by

the civil rule to demonstrate good cause; or that the circuit court would consider

anything beyond the pleading and affidavit that he filed on March 14, 2022 – the

*only* additional step Psiones took of record between the date of the circuit court's

notice and its dispositive judgment of September 21, 2022 – in determining

whether to dismiss his action for want of prosecution. At most, the circuit court's

reliance upon its un-entered March 18, 2022, Opinion and Order, as outlined in its

September 21, 2022 order, resulted in harmless error.

As for his second argument, Psiones notes that our Supreme Court has

held that off-the-record pretrial steps, such as settlement negotiations, can qualify

as adequate prosecution of a case for purposes of a good cause showing under CR

77.02(2). *See, e.g.*, *Bohannon v. Rutland*, 616 S.W.2d 46 (Ky. 1981). However,

he cites no authority – and we have found none – indicating that almost two years

of sporadic and unsuccessful attempts at effectuating service upon an allegedly

evasive defendant qualifies as adequate prosecution within the meaning of CR

77.02(2). Nor does Psiones explain why, during that time, he took no steps toward

resolving his claims against the other two defendants he *did* manage to serve, *i.e.*,

Bell and AA Auto. Accordingly, this is not a point of error, either.

As for his third argument, Psiones notes that he had moved for default

judgment against Bell in 2020, and he takes issue with the circuit court for

dismissing his suit before ruling on his pending motion. However, Psiones did not

appropriately preserve this argument below, as he only raised it in his CR 59

motion *after* the circuit court had already dismissed his action. *See, e.g.*, *Hopkins*

*v. Ratliff*, 957 S.W.2d 300, 301 (Ky. App. 1997) ("A party cannot invoke [CR

59.05] to raise arguments and introduce evidence that could and should have been

presented during the proceedings before entry of the judgment." (internal

quotation marks and citation omitted)); *see also Felts v. Edwards*, 181 Ky. 287,

204 S.W. 145, 149 (1918) (The appellants "did not choose to call the motions to

the attention of the court or to cause any ruling to be had upon them, and hence

must be considered to have waived any objections on that ground."). Apart from

that, Psiones cites no rule of law that prohibited the circuit court's action. To the

contrary, the circuit court proceeded, as it was entitled to do under the plain

language of CR 77.02(2), to dismiss Psiones' case due to his failure to continue

prosecuting his claim.

Lastly, Psiones raises new arguments. He contends the circuit court

committed palpable error by failing to apply the six factors outlined in *Ward v.*

*Housman*, 809 S.W.2d 717, 719 (Ky. App. 1991),[4] to "consider the totality of the circumstances" regarding its decision to dismiss for want of prosecution; and he asserts that the circuit court's "without prejudice" dismissal was unduly harsh, and effectively a "with prejudice" dismissal because the operative limitations period has expired regarding his negligence claims. However, the *Ward* "considerations [do not] necessarily precede a dismissal without prejudice under CR 77.02." *Manning v. Wilkinson*, 264 S.W.3d 620, 624 (Ky. App. 2007). In other words, because the court was fulfilling its housekeeping duties and dismissed the case without prejudice, it was not required to consider the *Ward* factors.

Furthermore, "[l]imitations statutes are by nature arbitrary and so sometimes seem to operate harshly. This harshness, of course, does not authorize courts to disregard the strict duties such statutes impose." *Reese v. General American Door Co.*, 6 S.W.3d 380, 383 (Ky. App. 1998). Nor, for that matter, did that harshness authorize the circuit court to disregard its responsibility under CR 77.02(2) to preserve the judicial process by dismissing this matter. Psiones had over a year to move his case along. He failed to do so. The circuit court did not accept the excuses he offered for his failure. And, considering what is set forth

---

[4] The *Ward* factors, which relate to CR 41.02 dismissals for lack of prosecution, require consideration of: "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party, and 6) alternative sanctions." *Ward*, 809 S.W.2d at 719 (citation omitted).

-10-

above, we find no abuse of the circuit court's wide discretion in that regard.  The circuit court's action was consistent with CR 77.02(2) and our jurisprudence. Therefore, the circuit court did not err, palpably or otherwise.

## CONCLUSION

Based on the foregoing, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven R. Romines
Lawrence I. Young
Louisville, Kentucky

NO BRIEF FILED FOR APPELLEES.