RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1072-MR

JIM MUNCIE AND CINDY MUNCIE                                   APPELLANTS

|  | APPEAL FROM OLDHAM CIRCUIT COURT |
|---|---|
| v. | HONORABLE JERRY D. CROSBY, II, JUDGE |
|  | ACTION NO. 13-CI-00688 |

SHIELD ENVIRONMENTAL
ASSOCIATES, INC. AND PATRICIA
WIESEMANN                                                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND CETRULO, JUDGES.

ACREE, JUDGE: Appellants, Jim and Cindy Muncie, appeal the Oldham Circuit

Court's August 11, 2022 order dismissing their lawsuit for failure to prosecute

pursuant to CR[1] 41.02. The circuit court did so after four years of inaction

following remand of this case from the Kentucky Supreme Court. We conclude

---

[1] Kentucky Rules of Civil Procedure.

the circuit court did not abuse its discretion in dismissing the lawsuit and, therefore, we affirm.

## **BACKGROUND**

This case, which now makes its second appearance before this Court, has a factual and procedural history which is greater than is necessary to resolve the narrow issue presented in this appeal; namely, whether the circuit court erred by dismissing Appellants' lawsuit for failure to prosecute upon remand of their case from the Kentucky Supreme Court. For the curious, a fuller account of the underlying history of this dispute may be found in *Muncie v. Wiesemann*, 548 S.W.3d 877 (Ky. 2018). The background relevant to this appeal is as follows.

In 2010, 1,000 gallons of home heating oil leaked from an underground tank on property owned by the Martha Magel estate. *Muncie*, 548 S.W.3d at 877-78. The oil flowed downhill and flooded Appellants' residence, causing massive damage. *Id.* at 878. Appellee Patricia Wiesemann managed the Magel estate as testatrix. *Id.* Appellee Shield Environmental Associates, Inc. (Shield Environmental) performed work on a sump pump at Appellants' residence; the sump pump subsequently malfunctioned. Brief for Appellee Shield Environmental at 1.

Eventually, Appellants partially settled a resultant federal lawsuit and $60,000 was allocated to Appellants to remedy actual damages to their property.

*Muncie*, 548 S.W.3d at 878. However, the agreement reserved some of Appellants' claims, including "claims by [Appellants] asserting the diminution of value of their real estate due to the stigma resulting from the contamination[.]" *Id*.

Appellants filed a state claim in the Oldham Circuit Court, and the circuit court subsequently granted summary judgment in Appellees' favor. *Id*. The circuit court reasoned that "while stigma damages may be considered in the measure of actual damages for remediation, [Appellants] could not seek both the costs of remediation (*i.e.*, the repair costs) and the diminution in value due to stigma damages" and, therefore, Appellants had no further claim. *Id*. This Court agreed, reasoning that "when there is actual damage to real property, stigma or reputation damages may be included as a measure of damages . . . [however,] there is not an independent right of recovery available for such damages." *Id*. at 878-79 (modification original, internal quotation marks omitted).

The Supreme Court disagreed, holding that "if remediation damages are settled but a claim on the stigma damages resulting from the actual injury is reserved, then the injured party may be awarded stigma damages regardless of the partial settlement on remediation." *Id*. at 880. Accordingly, the Supreme Court reversed and remanded for further proceedings to determine whether Appellants had been compensated for diminution of value resulting from any stigma

associated with the oil spill. *Id*. at 881. The Supreme Court entered its Order of Remand on July 12, 2018.

Appellants took no action on their case upon its return to the circuit court. Appellees each filed a motion to dismiss for lack of prosecution under CR 41.02(1) in June of 2022 – nearly four years after the Supreme Court remanded the case. Appellants filed a response on July 15, stating personal difficulties accounted for their inactivity in the lawsuit. More specifically, they stated that Appellant Cindy Muncie's mother was diagnosed with Alzheimer's Disease, and that Cindy alone supported her mother personally and financially. Cindy's mother died in 2019. Appellants' attorney's younger brother died suddenly later that year. Cindy received a uterine cancer diagnosis in 2019. And Appellants noted the economic and administrative challenges arising from the COVID-19 pandemic made it difficult to pursue their lawsuit.

The circuit court granted the motions in an order entered August 11, 2022; though it sympathized with the losses of Appellants and their attorney, "the effects of these events do not mean they were unable to do anything." The court concluded Appellants "failed to offer any substantial reason to justify such a long delay in proceeding with this case." Appellants appealed, bringing this Sisyphean matter before this Court a second time.

# ANALYSIS

"For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." CR 41.02(1). Unless the court specifies in its order, a dismissal "other than a dismissal for lack of jurisdiction, for improper venue, for want of prosecution under Rule 77.02(2), or for failure to join a party under Rule 19, operates as an adjudication upon the merits." CR 41.02(3). A dismissal under Rule 41.02 is distinct from a dismissal under Rule 77.02, a "housekeeping rule" that requires courts to review their dockets annually and dismiss without prejudice those cases wherein "no pretrial step has been taken within the last year[.]" CR 77.02(2); *Wildcat Prop. Mgmt., LLC v. Reuss*, 302 S.W.3d 89, 92 (Ky. App. 2009). Conversely, a dismissal under Rule 41.02 is with prejudice. *Wildcat Prop. Mgmt.*, 302 S.W.3d at 92.

"Dismissals for lack of prosecution pursuant to CR 41.02 and CR 77.02 are reviewed under an abuse of discretion standard." *Toler v. Rapid American*, 190 S.W.3d 348, 351 (Ky. App. 2006) (citations omitted). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (citations omitted). Additionally, "the involuntary dismissal of a case with prejudice 'should be resorted to only in the most extreme cases,' and a

reviewing court must 'carefully scrutinize the trial court's exercise in doing so.'" *Wildcat Prop. Mgmt.*, 302 S.W.3d at 93 (quoting *Polk v. Wimsatt*, 689 S.W.2d 363, 364-65 (Ky. App. 1985)).

As the circuit court did in its order, trial courts may consider the six factors supplied by *Ward v. Housman* to determine whether dismissal with prejudice pursuant to CR 41.02 is appropriate. 809 S.W.2d 717, 719 (Ky. App. 1991) (citations omitted). These factors are "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party[;] and 6) alternative sanctions." *Id.* However, because motions to dismiss for lack of prosecution are fact-specific inquiries, the "propriety of the trial court's ruling does not necessarily hinge on its discussing the six particular factors listed in *Ward*." *Jaroszewski v. Flege*, 297 S.W.3d 24, 33 (Ky. 2009). Instead, "the trial court must assess all factors relevant to that particular case, which might include some or all factors listed in *Ward* and may include other factors." *Id.*

Though it was not required to, the circuit court considered each of the six *Ward* factors in reaching its conclusion. As to the first – the extent of Appellants' personal responsibility – the court determined the deaths of Cindy Muncie's mother and Appellants' attorney's brother did not explain the complete lack of action on the case since the Supreme Court remanded it. As to the COVID-

19 emergency, the circuit court noted it had been proceeding remotely in its civil matters since the time in-person proceedings were suspended. The circuit court determined the history of dilatoriness in this matter was substantial, noting involuntary dismissals for lack of prosecution had been upheld for far shorter delays than the four-year delay in the instant case. The court determined Appellants' attorney's conduct was willful, as neither circumstances in the attorney's personal life nor the COVID-19 pandemic explained four years of inactivity.

The circuit court determined the merits of Appellants' claim were unclear, but observed the Appellants would have difficulty proving diminution in value as a result of the stigma resulting from the oil cleanup considering so much time had passed since the spill in 2010. Regarding the fifth *Ward* factor, the court believed Appellees would be prejudiced by being forced to participate in a lawsuit that has lasted for over ten years with no indication the case was moving toward final resolution. The court determined dismissal to be the only appropriate sanction, as "anything less than dismissal at this point would frustrate the purpose of CR 41.02 by allowing lawsuits to go on for years despite the lack of progress being made." And it noted that, not only did Appellants take no steps to advance their case by filing motions or otherwise apprising the court of the status of their

case and requesting forbearance, Appellants never informed opposing counsel why they were not pursuing their lawsuit.

We detect no abuse of the circuit court's discretion in its decision to dismiss this action with prejudice. No aspect of its application of the *Ward* factors was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. The circuit court acted within the bounds of its broad discretion in granting Appellees' motions to dismiss for lack of prosecution, and, accordingly, we must affirm its ruling.

## **CONCLUSION**

Having carefully scrutinized the circuit court's ruling as required, we affirm the Oldham Circuit Court's August 11, 2022 order granting Appellees' motions to dismiss pursuant to CR 41.02.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph E. Conley, Jr.
Edgewood, Kentucky

BRIEF FOR APPELLEE SHIELD
ENVIRONMENTAL ASSOCIATES,
INC.:

Mark E. Hammond
John F. Shockley
Louisville, Kentucky

BRIEF FOR APPELLEE PATRICIA
WIESEMANN:

Kenneth A. Bohnert
Bradley R. Palmer
Louisville, Kentucky