RENDERED: OCTOBER 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0740-MR

RHONDA KEENEY AND
ROBERT KEENEY                                                    APPELLANTS


APPEAL FROM SCOTT CIRCUIT COURT
v.      HONORABLE KATHRYN H. GABHART, JUDGE
ACTION NO. 15-CI-00120


BILLY TRENT CONSTRUCTION,
L.L.C.                                                               APPELLEE


OPINION
VACATING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT,
JUDGES.

ECKERLE, JUDGE: Appellants, Rhonda Keeney and Robert Keeney (the

"Keeneys"), seek relief from an order of the Scott Circuit Court dismissing, with

prejudice, their claims against Appellee, Billy Trent Construction, L.L.C.

("Trent"), for failure to prosecute. Upon review, we vacate the dismissal.

The background of this case is partially set forth in *Keeney v. Billy Trent Construction, L.L.C.*, 602 S.W.3d 162 (Ky. App. 2019). Briefly summarized, the Keeneys filed a complaint in Scott Circuit Court on February 25, 2015, alleging various civil claims against Trent arising out of a construction and building dispute. Their claims proceeded to trial. But on March 26, 2018, the first day of trial (shortly after the Keeneys' counsel gave his opening arguments), Trent moved for a directed verdict, and the Circuit Court granted its motion. The Keeneys appealed. This Court vacated the directed verdict and remanded for a new trial. *Id*. Trent sought discretionary review, which the Kentucky Supreme Court denied on July 6, 2020.

It appears from the record that this case was dormant until January 30, 2024, when the Keeneys moved for a trial date. Trent objected, citing the three-and-one-half-year delay between the Kentucky Supreme Court's denial of discretionary review and the Keeneys' motion. Trent further moved to dismiss the Keeneys' claims with prejudice for what it asserted was the Keeneys' failure to prosecute. The Keeneys opposed Trent's motion. After a brief hearing, the Circuit Court granted Trent's motion. Its May 17, 2024, order to that effect provided only the following explanation for doing so:

> This matter having come before the Court on Plaintiffs'
> Motion for a Trial Date, and the Defendant having filed
> an Objection and Motion to Dismiss for failure to
> prosecute, and after a hearing and the Court being

> sufficiently advised, it is hereby ORDERED and
> ADJUDGED that the Plaintiffs' Motion for a Trial Date
> is OVERRULED and this matter is hereby DISMISSED
> with prejudice for failure to prosecute in a timely
> manner.

This appeal followed.

Under Kentucky law, the only means by which the Circuit Court could have dismissed the Keeneys' action for failure to prosecute *with prejudice* was through Kentucky Rule of Civil Procedure ("CR)" 41.02. *See Wildcat Prop. Mgmt., L.L.C. v. Reuss*, 302 S.W. 3d 89, 92 (Ky. App. 2009). We review such dismissals under the abuse of discretion standard. *Id*. at 93. In this context, the Circuit Court must demonstrate its proper exercise of discretion on the record through explicit findings; otherwise, meaningful review of its decision is impossible. *Jaroszewski v. Flege*, 297 S.W.3d 24, 36 (Ky. 2009). Those findings, in turn, must consider a variety of factors:

> A leading case on this issue is *Ward v. Housman*,
> 809 S.W.2d 717 (Ky. App. 1991), which sets forth six
> nonexclusive factors for a trial court to consider and
> apply as appropriate and where applicable prior to
> dismissal with prejudice under CR 41.02. The *Ward*
> factors are "1) the extent of the party's personal
> responsibility; 2) the history of dilatoriness; 3) whether
> the attorney's conduct was willful and in bad faith; 4)
> meritoriousness of the claim; 5) prejudice to the other
> party, and 6) alternative sanctions." *Id*. at 719 (citing
> *Scarborough v. Eubanks*, 747 F.2d 871 (3rd Cir. 1984)).
> It should be understood that the *Ward* factors are
> available for trial court consideration, but that other
> relevant factors should also be considered. A reviewing

court must be informed of the trial court's thinking for review to be meaningful. However, not every *Ward* factor need be considered in every case, nor is a non-enumerated factor unavailable for the court's consideration. The Supreme Court of Kentucky has recently addressed the issue of involuntary dismissal pursuant to CR 41.02 in *Jaroszewski v. Flege*, 297 S.W.3d 24 (Ky. 2009). Its decision is also instructive as to the proper manner for addressing this issue.

*Wildcat*, 302 S.W.3d at 92-93.

On appeal, the Keeneys contend that the Circuit Court's ruling is erroneous; the order must be vacated; and this matter should be returned to the Trial Court for the setting of a trial date. In support, they correctly note that the passage of time (standing alone) is an insufficient factor to support dismissal with prejudice for failure to prosecute; and they argue that Trent's similar inaction relative to this litigation should have been considered as well, and as a factor militating against dismissal. *See, e.g.*, *Jaroszewski v. Flege*, 204 S.W.3d 148, 150 (Ky. App. 2006)[1] (explaining that a four-year delay by itself was insufficient to justify a dismissal with prejudice for failure to prosecute because "length of time alone is not the test of diligence") (internal quotation marks and citation omitted); *see Jaroszewski*, 297 S.W.3d at 41 (Venters, J., concurring) ("An essential consideration that [sic] for a trial judge ruling on a defendant's motion under CR

---

[1] There are two separate *Jaroszewski v. Flege* cases that involve the same litigants that are relevant and cited in this Opinion.

41.02 is whether the defendant himself had undertaken any effort to move the case toward resolution before seeking dismissal with prejudice.").

Accordingly, the Circuit Court's order must be vacated for failure to follow the rule and precedential case law. As set forth above, the May 17, 2024, order contained no findings at all; and thus, we cannot meaningfully review it. *See Wildcat*, 302 S.W.3d at 93. Therefore, the Circuit Court failed to exercise its discretion properly by failing to make the required findings. As for the Keeneys' additional contentions – which amount to an argument that even if the Circuit Court had examined the relevant factors, dismissal with prejudice would have been an abuse of discretion – we decline to address them because they are premature. The Trial Court has not yet had an opportunity to reconsider its ruling after a thorough analysis of all relevant factors.

Before we conclude, we must mention another point: The Keeneys did not file a CR 52.04 motion requesting the Circuit Court to make any findings of fact. Neglecting to make such a motion is generally "fatal" to an appeal that seeks vacating, reversal, or remand because of the failure of a Trial Court to make a finding of fact on an issue essential to the judgment. *See, e.g., Cherry v. Cherry*, 634 S.W.2d 423 (Ky. 1982). However, no such motion was required here because the Circuit Court made no findings whatsoever. *See Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011).

For the reasons expressed above, we vacate the Trial Court's order of dismissal with prejudice.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Douglas C. Howard
Frankfort, Kentucky

BRIEF FOR APPELLEE:

David A. Weinberg
Lexington, Kentucky